BENJAMIN F. LEWIS & another *vs.* FRANCIS BUTTRICK.

A mortgage by a married woman of goods, of which she avouches herself therein to be the owner, but which really belong to her husband, passes no such title as to enable the mortgagee to replevy them from a third person, although the husband has indorsed on the mortgage that he formally sanctions and ratifies his wife's action, " she having been my agent for the transaction of business."

REPLEVIN of eight feather beds. Writ dated December 10, 1868. At the trial in the superior court, before *Brigham,* C. J., without a jury, the following facts appeared : Stella A. Fuller, the wife of Charles C. Fuller, by deed dated June 13, 1868, and recorded on the same day in the office of the town clerk of Fitchburg, professed to mortgage to the plaintiffs, to secure the payment of a promissory note signed by her, " certain goods and furniture," including the eight feather beds, and by said deed avouched herself " to be the lawful owner of said goods and furniture and have a good right to sell and dispose of the same in manner aforesaid." The goods and furniture were really

the property of Charles C. Fuller, and were attached August 7, 1868, on a writ against him by the defendant, a deputy sheriff, but the plaintiffs contended that the attachment was void for reasons which are now immaterial. On August 12, 1868, Charles C. Fuller signed the following indorsement on the mortgage : " I hereby formally sanction and ratify the action of the within named Stella A. Fuller, my true and lawful wife, she being and having been my agent for the transaction of business. I also have signed the note secured by the within mortgage;" and this indorsement was recorded on the same day.

The judge ruled that the plaintiffs could not maintain the action, and found for the defendant. The plaintiffs alleged exceptions.

*E. P. Loring*, for the plaintiffs.

*S. Haynes*, for the defendant.

AMES, J. The only title under which the plaintiffs claim the property in dispute is a mortgage from Stella A. Fuller, wife of Charles C. Fuller, in which she avouches herself " to be the lawful owner " of the goods and furniture mortgaged, and professes to have good right to sell and dispose of them accordingly. The case however finds that the articles in dispute, at the time of the mortgage, were the property of the husband and have never belonged to the wife. Having no title in herself, she could convey none to the plaintiffs. This defect in their case is not remedied by the alleged ratification. That ratification, with the declaration that she was and had been his " agent for the transaction of business," supplied whatever of authority was necessary to give validity to her execution of the instrument; but it did not change the character of the instrument upon which it was indorsed, so as to give it an effect which its own terms did not import. The instrument did not purport to convey his property at all. The mortgage under which the plaintiffs claim had therefore no validity or effect whatever; not as her mortgage, for want of title ; not as his mortgage, for want of efficient words in the instrument itself to make it operate as such. " A plaintiff in replevin, like plaintiffs in other actions, must maintain his case on the strength of his own title or claim. It is im-

material whether the defendant has or has not any title, if the plaintiff fails to show any in himself." *Johnson* v. *Neale*, 6 Allen, 227. · As these plaintiffs stand in exactly that predicament, the entry must be                                    *Exceptions overruled.*