MAIER vs. DAVIS, imp.

*February 21 — March 13, 1883.*

*(1) Finding, when not disturbed. (2) Mortgage of chattels of another: Oral ratification by owner.*

1. Where the jury were directed by the trial judge to find a particular fact, if there was any evidence to support such finding it will not be disturbed by this court for the purpose of *sustaining* the judgment.

2. If one gives a mortgage of chattels belonging to another, the oral consent to or ratification of such mortgage by the owner cannot affect the rights of one subsequently taking a mortgage of the same chattels from the owner without notice of such ratification.

Maier vs. Davis, imp.

APPEAL from the Circuit Court for *Buffalo* County.

The facts sufficiently appear from the opinion. The defendants appealed from a judgment in favor of the plaintiff.

*E. C. Higbee,* for the appellants, to the point that there can be no constructive notice in the recording or filing of an instrument executed by a stranger to the title, cited: Wade on Notice, secs. 205, 213, 223; *Crockett v. Maguire,* 10 Mo., 34; *Leiby v. Wolf,* 10 Ohio, 83; *Single v. Phelps,* 20 Wis., 399.

*Alexander Meggett,* for the respondent.

ORTON, J. This is an action of replevin for certain wheat then being threshed, and the plaintiff relies for title to the property upon a chattel mortgage executed to him by one Michael Feuiling, dated the 13th day and filed the 16th day of April, 1878, for the same wheat, then a growing crop on the land of Anna Maria Feuiling, his wife, which land was her separate property, and at that time was occupied and cultivated by the family. The defendants had taken the wheat, and attempt to justify such taking, by virtue of two chattel mortgages upon such growing crop,— the first, executed by the said Michael and Anna Maria, his wife, to one Andrew Cashel, on the 16th day and filed on the 20th day of April, 1878, and assigned to the defendants *Fugina Bros. & Fertig;* and the other, executed by the said Michael and Anna Maria, his wife, to the said defendants, on the 19th day of April, and filed on the 20th day of April, 1878.

There was no contention that the mortgage to the plaintiff had not priority, both in date and filing, over the two mortgages relied upon by the defendants. With other findings in the special verdict of the jury, the circuit court directed the jury to find that at the time the plaintiff's mortgage was given this growing crop of wheat belonged to and was the separate property of Anna Maria, the wife, and was not the property of Michael, the mortgagor. This

finding was excepted to by the respondent, and he now seeks to make such exception available, if necessary, in support of his judgment by contending that such finding was not supported by the evidence. If there was any evidence to support this finding, then this court would not be warranted in finding otherwise, any more than if it had been the voluntary verdict of the jury, because we cannot say how the jury might have found upon this question. But assuming that they would have found that the property belonged to Anna Maria, the wife, as they might have properly done if there was any evidence to warrant it, then such finding could not be disturbed. To render this exception available to the respondent it must therefore appear that there was no evidence whatever to support the finding.

Instead of being able to say that there was no such evidence, we can scarcely say that there was any evidence that the property belonged to Michael, the husband. Growing crops are a part of the land and belong to the owner of the soil as much as any other part of the freehold, as a general rule, and there must be some proper and valid agreement between the owner of the land and some third person to defeat such ownership. *Wescott v. Delano,* 20 Wis., 514. There was no evidence of any such agreement, and there were no facts and circumstances from which such an agreement could be inferred in this case. The husband, as the mortgagor to the plaintiff, may have represented that the crop was his own property when he gave the mortgage, and probably did so; but he seems to have insisted at the time that the consent of his wife to the mortgage should be obtained, and the plaintiff testifies that he did by much persuasion obtain her consent. The wife persistently refused to sign the mortgage, and insisted upon her ownership of the property. The husband, as a witness on the trial, testified that the property belonged to the wife, and the plaintiff must have had at least great doubt of his ownership or he would not have

Maier vs. Davis, imp.

tried with so much pertinacity to obtain either the signature or consent of the wife to the mortgage. We think the circuit court very properly directed this finding of the jury.

It being, then, an established fact in the case that the growing crop was the property of the wife, Anna Maria, and not the property of Michael, when these mortgages were given, and Michael had no right to mortgage this property as his own, the only ground upon which the recovery of the plaintiff is sought to be supported is that after Michael Feuiling had executed this mortgage upon the growing crop of wheat to the plaintiff, Anna Maria Feuiling, the real owner of the property, consented to the mortgage and ratified it. It cannot be claimed that she consented to the mortgage and ratified it as her own mortgage, because she refused to sign it or execute it as her own. The consent and ratification was of the mortgage of Michael, her husband. The evidence of her ratification of the mortgage was objected to by the defendants, when sought to be introduced, as not affecting their rights as subsequent mortgagees of the property, and as first mortgagees of the real owner, Anna Maria. The circuit court overruled the objection and admitted evidence tending to show such subsequent ratification, and instructed the jury substantially that if she did so consent to and ratify the mortgage "she is estopped, so far as she is concerned," from claiming that her husband had no right to mortgage the crop. This instruction may have been correct to this extent, but the circuit court rendered judgment against the defendants by reason of the finding of the jury that Anna Maria did consent to and ratify the mortgage after its execution by Michael, which was virtually holding and ruling that not only was Anna Maria estopped, "so far as she was concerned," from claiming that her hus-band had no right to mortgage the crop, but that the defendants, as subsequent mortgagees, were also estopped

from so claiming. This finding was excepted to by the defendants, and a motion for a new trial was overruled.

It is too plain for much question or elaboration that the defendants, as subsequent mortgagees from the real owner of the property, are not affected by such a ratification. This mortgage, so far as they are concerned, was the mortgage of Michael Feuiling alone, and not the mortgage of Anna Maria. It was filed as the mortgage of Michael, alone. This bare statement would seem to be sufficient to show that the plaintiff has no mortgage rights hostile to the mortgage rights of the defendants. A subsequent ratification or consent of Anna Maria, reduced to writing and signed by her, and made tantamount to her execution of the mortgage, and duly filed with the mortgage, might be notice to them; but how can it be contended that a mere oral consent or ratification, without any change of the mortgage itself or its filing, can affect their rights. The husband, Michael, did not own the property, and therefore his mortgage conveyed nothing. The wife subsequently mortgaged the crop, which was her property, to the defendants as her first and only mortgage. If the defendants had notice of such ratification, it could hardly affect their mortgage interests, and much less can their rights be affected by such a verbal ratification without notice, and it is not pretended that they had any notice of it. The statute is peremptory. "No mortgage of personal property *shall be valid*, as against any other person than the parties thereto, unless," etc. The conditions of its validity as to such other persons are (1) possession by the mortgagee; (2) the filing of the mortgage or a copy of it. Neither of these conditions were complied with.

This statute has been enforced to its fullest extent by numerous decisions of this court. *Cotton v. Marsh*, 3 Wis., 221; *Donaldson v. Johnson*, 2 Pin., 482; *McCourt v. Meyers*, 8 Wis., 236; *Newman v. Tymeson*, 12 Wis., 448; *S. C.*, 13 Wis., 172; *Case v. Jewett*, id., 498; *Menzies v. Dodd*, 19

Wis., 343; *Single v. Phelps*, 20 Wis., 398; *Harrington v. Brittan*, 23 Wis., 541; *Morrow v. Reed*, 30 Wis., 81; *Scott v. Webster*, 50 Wis., 60; *Application of Murphy, etc.*, 51 Wis., 523. The question here involved was substantially decided in *Single v. Phelps, supra*. In that case there was an understanding between the parties that certain after-acquired property should be embraced in the mortgage, and the question was whether such an understanding of the parties could affect the rights of subsequent purchasers of such property. The mortgage for the property *in esse* was duly filed. The language of the opinion and the principle established are emphatically appropriate to this case. Speaking of the mortgagee, Chief Justice Dixon says: "He has no mortgage on file, and both the conditions upon which his rights depend by statute, as against the purchaser, are wholly wanting. The transaction may have been ratified by the mortgagors after they acquired the property and before the sale, so as to make the transfer good *as against them;* but that does not change the terms of the instrument on file, or transform it into a valid mortgage on its face. It speaks the same language still, and informs the purchaser, not that the intended mortgagee has a lien or interest, but that he has none. It was by its terms no more a mortgage after the act of ratification by the mortgagors than it was before. . . . And knowledge in the purchaser of the existence of a mortgage which has not been duly filed, will not preclude him from availing himself of the objection." To this principle are cited *Farmers' L. & T. Co. v. Hendrickson*, 25 Barb., 484; *Ely v. Carnly*, 19 N. Y., 496; and the learned counsel of the appellants cites other authorities in his brief, but the principle is so obvious and has such reasonable application to such a case as this, that further citation of authority is unnecessary.

All the findings of fact in the verdict of the jury, besides their own finding of subsequent ratification, are favorable to

Denner vs. The Chicago, Milwaukee & St. Paul R'y Co.

a recovery by the defendants. The circuit court, therefore, erred (1) in admitting evidence of this subsequent ratification of the plaintiff's mortgage by Anna Maria Feuiling; and (2) in rendering judgment in favor of the plaintiff on the finding by the jury that such ratification was made.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial therein.