JAMES H. GIBBS & others *vs.* BRADDOCK R. CHILDS.

Nantucket. Oct. 26. — Nov. 24, 1886. DEVENS & W. ALLEN, JJ., absent.

In an action of replevin, the execution and delivery of a mortgage, which is duly recorded, of the replevied property, by a third person to the plaintiff, will not establish the plaintiff's title to the property, as against the defendant, who is in possession, in the absence of evidence that the plaintiff ever had possession of the property, and that the mortgagor ever had possession of or title to the same.

REPLEVIN of a boat. Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiffs put in evidence a mortgage to them of the replevied boat from William H. Chadwick, dated January 8, 1885, and duly recorded on January 9, 1885, in the office of the

town clerk of Nantucket. The plaintiffs also proved that the boat was of about five tons burden, and had been employed as a pleasure boat at Nantucket ever since it came there, about four years ago; and also showed, by the United States deputy collector of Nantucket, that prior to the record of the mortgage the boat had not been registered, enrolled, or licensed at the port of Nantucket. It further appeared, by the records of the custom-house, that a license had been issued to the defendant on May 16, 1885, and renewed by him in 1886. There was no other evidence of record in any custom-house.

The defendant offered no evidence; and asked the judge to instruct the jury that, upon this evidence, the action could not be maintained, and that they should return a verdict for the defendant. The judge refused so to do; and, it being conceded by the defendant that the evidence was true, instructed the jury that, on this evidence, the plaintiffs were entitled to a verdict. The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

*J. Brown*, for the defendant.

*T. M. Stetson*, (*H. B. Worth* with him,) for the plaintiffs.

FIELD, J. There was no evidence that the plaintiffs ever had possession of the boat, or any title to it except as mortgagees under a mortgage given by William H. Chadwick on January 8, 1885, and there was no evidence that William H. Chadwick ever had possession of the boat, or any right or title to it. The plaintiffs can only recover upon their own title or right of possession. The execution and delivery of a mortgage of personal property are not evidence of title to the property included in the mortgage, as against a stranger. Such acts are not necessarily acts of dominion over the property itself. If there was no possession of the property by either the mortgagor or the mortgagees, the mortgage was, with respect to the defendant, *res inter alios*. The mortgage in this case is not an ancient document. If the execution, delivery, and recording of a mortgage were held to create a *prima facie* title to personal property against a person in possession, then a *prima facie* right to the property of another could be created by any one at will. *Chaffee* v. *Blaisdell*, 142 Mass. 538. See *Perry* v. *Weeks*, 137 Mass. 584.

*Exceptions sustained.*