## HENRY WILKES *v.* WILLIS GATES.

REPLEVIN.  *Right to recover.   Sufficiency of evidence.*

> In replevin by the trustee in a trust-deed to recover possession of a horse from one not the grantor, and who does not claim under him, plaintiff's evidence is insufficient if it merely identifies the horse as the one embraced in the trust-deed, but fails to show ownership in the grantor when the instrument was executed.

FROM the circuit court of Covington county.

HON. A. G. MAYERS, Judge.

On the 26th day of March, 1885, one Posey executed a trust-deed, whereby to secure a certain indebtedness to Thomas Biglane, he conveyed to a trustee certain personal property, including a horse the subject of the controversy in this case.   In August, 1888, after maturity of the debt secured by the trust-deed, the appellant, Henry Wilkes, as trustee, instituted in the justice court an action of replevin against the appellee, Willis Gates, to recover possession of the horse under this trust-deed.   The defendant gave bond for the forthcoming of the property, and the suit was dismissed by the justice for want of jurisdiction.   An appeal to the circuit court was prosecuted by the plaintiff, where the case was tried *de novo.*   On the trial the plaintiff introduced the note of Posey and the trust-deed securing the same, and the beneficiary therein was introduced as a witness, who stated that the defendant Gates showed him the horse in controversy, and he testified that it was the " very identical horse that was mentioned in the deed of trust."   He further testified that the debt secured by the deed was due and unpaid.   This was all the testimony.   The court instructed the jury to find for the defendant and a judgment was entered accordingly, from which plaintiff appeals.

There was a question made as to the right of the plaintiff as substituted trustee to maintain the action, but, in view of the decision of the court, it is not necessary to make any statement as to this.

*A. C. McNair,* for appellant,

Filed a brief in which he insisted that the substituted trustee

was properly appointed, and that he had a right to prosecute the suit.

*J. F. N. Huddleston and Robert Lowry*, for appellee.

There was no sufficient identification of the horse. The testimony identifies the horse as the one mentioned in the deed of trust, but it is not shown that this is the horse that was in. controversy. The horse was not identified as the one mentioned in the affidavit and levied upon by. the officer.

CAMPBELL, J., delivered the opinion of the court.

Conceding the right of Wilkes, as substituted trustee, he failed to maintain the action by evidence. Its full import is that the horse sued for was embraced in the deed of trust executed by Posey, and that the debt it was given to secure was still unpaid, all of which being true, shows no right to the horse taken by the writ from Gates, who is not shown to have acquired the horse from Posey or any one claiming under him ; nor does it appear that his claim arose subsequently to the execution of the deed of trust. For all that appears, Gates may have been the owner and possessor of the horse prior to, and at the time of the execution of the deed of trust.

*Affirmed.*