# Patterson *v.* Irvin.

## *Action of Trover.*

[Decided Feb. 13th, 1902.]

1. *Trover; burden of proof.*—Under the plea of not guilty in an action of trover the burden of proof is on the plaintiff to show either a general or special property in the thing converted, at the time of the alleged conversion.

2. *Same; when evidence insufficient to show title in plaintiff; general charge.*—In an action of trover, where the only evidence of plaintiff's title or ownership is a mortgage to him of the property alleged to have been converted, containing a recital that the mortgagor guarantees the title to the property to be in himself, and there is no evidence connecting defendant with the mortgagor, or showing that the mortgagor ever had possession of or title to the property,—the evidence fails to make out such a *prima facie* case as would authorize a verdict for plaintiff.

3. *Verdict, writing of by attorney in the case; when not reviewable.*—The general charge having been given for plaintiff, the action of the plaintiff's attorney in writing out the verdict, or of the court in directing one of the jury to sign it as foreman, is not reviewable unless objected and excepted to at the time.

4. *Verdict in excess of amount sued for; when objection must be made.*—An objection that the verdict is in excess of the amount sued for must be made in the court below and can not be made for the first time in the appellate court by assigning as error the judgment which follows the verdict.

APPEAL from Coosa Circuit Court.

Tried before Hon. A. H. ALSTON.

Action of trover by W. F. Irvin against A. K. Patterson. From a judgment for plaintiff defendant appeals.

D. H. RIDDLE, for appellant.

P. A. JACKSON, *contra.*

DOWDELL, J.—Under the plea of not guilty in an action of trover the burden of proof is on the plaintiff to show either a general or special property in the thing converted to entitle him to recover. The only evidence offered by the plaintiff in the present case to show ownership or title to himself in the property in question was a mortgage executed by him to one L. C. Sinclair. No evidence was offered to show that Sinclair ever had possession of the property, nor otherwise proof of ownership or title in Sinclair, unless it can be said that the recital in the mortgage from Sinclair to plaintiff to the following effect: "I hereby transfer, sell and convey unto the said W. F. Irvin, the following property the title to which I guarantee to be in me," etc., is sufficient evidence for the purpose of the trial without more, to show title in Sinclair at the time of the execution of the mortgage. The defendant was a stranger to the mortgage put in evidence, and the recital in the mortgage of the mortgagor's ownership of the property described, could not in itself alone be considered as proof of title in the mortgagor as against the defendant. There was no evidence that in anywise connected the defendant's possession of the property with the mortgagor Sinclair. And on the whole evidence taken

[King v. Franklin.]

as true, it cannot be affirmed that the defendant was not in possession of the property as his own when Sinclair made the mortgage to the plaintiff. This evidence fell short of making out such a *prima facie* case as would authorize a verdict for the plaintiff, and the court erred in giving the affirmative charge requested by the plaintiff.

No objection was made nor exception reserved to the writing out of the verdict by plaintiff's attorney, nor to the direction given by the presiding judge to the jury for one of their number to sign the same as foreman. Consequently there is nothing in this regard upon which to base an assignment of error, if indeed there was any error.

No objection was raised in the court below to the excess in amount in the verdict over the amount sued for and the judgment entered followed the verdict. By timely objection made in the court below, what is now complained of as error, could have been easily remedied. The objection made for the first time on appeal in this court by assigning as error the judgment which followed the verdict, is not the proper way to present the question.

For the error committed in giving the general affirmative charge requested by the plaintiff, the judgment will be reversed and the cause remanded.