## C. C. CRAWFORD, Respondent, v. CONDE L. BE-NOIST et al., Appellants.

St. Louis Court of Appeals, December 9, 1902.

1. **Usury.** Where, at the time of a loan of money, the borrower offered to give his note for $300 on condition that the lender would turn over to him a note of a third party for $50 and interest, and pay him $235, it shows no usury on the part of the lender, though the maker of such note was insolvent.

2. **Evidence: CHATTEL MORTGAGE: CONVERSION.** Where the maker of a chattel mortgage was the tenant of defendant, who knew that he was carrying on his business under the name of Echo Publishing Company, and that under such name he had executed a chattel mortgage to secure a debt, the fact that he thereafter levied on the property covered, and sold it under execution, and purchased the same, made him a purchaser with full notice of the mortgage, and not an innocent purchaser, so that he bought subject to the mortgage, making his retention of the property a conversion, on account of which he was liable to the mortgagee for its value.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferris,* Judge.

AFFIRMED.

*John M. Dickson* for appellants.

(1) The chattel mortgage to Crawford does not purport on its face to be the deed of A. E. Warrendorf, and is not, as between Warrendorf and his creditors, prior and subsequent, his deed within the meaning of section 3404, Revised Statutes 1899. Mackey v. Cole, 79 Wis. 426. (2) The record shows that Benoist was a judgment creditor of Warrendorf, that the property included in the mortgage was sold by the constable under an execution issued under the judgment. (3) A notice was served upon Benoist that Crawford claimed the mortgage to be the mortgage of Warrendorf, though purporting to be that of the Echo Publishing Company, but it was not served until after the seizure of the property by the constable. Such notice was barren of any legal effect; but if it had any, it could not have any more than that of a prior unrecorded mortgage filed on that day. Mercantile Co. v. Perkins, 63 Mo. App. 315, and cases cited; Collins v. Wilhoit, 108 Mo. 458. (4) The evidence showed Crawford was guilty of usury. A chattel mortgage is absolutely void if the loan purporting to be secured thereby is usurious. Sec. 3710, R. S. 1899; sec. 3709, R. S. 1899.

*H. A. Yonge* for respondent.

(1) The chattel mortgage executed to Crawford, described by the evidence contained in the record and filed in the office of the recorder of deeds of the city of St. Louis, was executed in the name under which Warrendorf was conducting his business, and was notice to all the world that it was his deed and conveyed the property therein described to Crawford, within the meaning of section 3404, Revised Statutes 1899. (2) The

record discloses that the property in controversy was seized on an attachment sued out by Conde L. Benoist, appellant, for rent, and subsequently sold under an execution issued on a judgment thereafter obtained in said proceeding. (3) Actual notice was served on Benoist of the existence of the chattel mortgage, shortly after the seizure and before the rendition of the judgment and sale under execution issued thereon. (4) There was no evidence showing or even tending to show that there was usury charged in the promissory note taken by Crawford from Warrendorf, and as the note was not tainted with usury, the chattel mortgage was valid as to all the world, and the question of whether Crawford was guilty of charging usury was not a question of fact in the case to be submitted to the jury. In order to warrant the court in submitting the question that the transaction was a device to evade the statute against usury, there must always be some evidence prima facie, raising such inference. Williams v. Reynolds, 10 Md. 57; Ayrutt v. Chamberlain, 33 Barb. (N. Y.) 229; White v. Stillman, 25 N. Y. 541; McAtee v. Vanlandingham, 75 Mo. App. 45; Keithly v. Southworth, 75 Mo. App. 442. (5) Benoist had due and legal notice that Warrendorf conducted his business at the place in question, and owned the property in the name of the Echo Publishing Company, as shown by the record. Major v. Bukley, 51 Mo. 227; Maloney v. Bacon, 33 Mo. App. 50; Roan v. Winn, 93 Mo. 503.

BLAND, P. J.—The action is for conversion. The petition was in the ordinary form. The answer was a general denial. The verdict and judgment were for the plaintiff from which defendant duly appealed.

The evidence is that one A. E. Warrendorf, in June, 1899, was the publisher of a weekly newspaper, in the city of St. Louis, called the ''Echo;'' that in the prosecution of his publishing business he used the name ''Echo Publishing Company'' and had over his door the sign ''Echo Publishing Company.''

On June 26, 1899, he executed to plaintiff the following promissory note.

"$300.                     "St. Louis, Mo. June 26, 1899.

"Three months after date I promise to pay to the order of C. C. Crawford, three hundred dollars—value received, negotiable and payable, without defalcation or discount, with interest at the rate of six per cent per annum from date.   Payable at

.   "THE ECHO PUBLISHING COMPANY,

"By ARNOLD E. WARRENDORF, Manager."

On the same day, to secure the payment of the note, he executed the following chattel mortgage:

"Know all men by these presents, that the undersigned, the Echo Publishing Company, by Arnold E. Warrendorf, manager, of the city of St. Louis, State of Missouri, in consideration of the sum of three hundred dollars to them paid by C. C. Crawford, of the city of St. Louis, State of Missouri, do sell, assign, transfer and set over unto the said C. C. Crawford, his executors, administrators and assigns" (here follows a description of the property, etc.).

The signature of the deed is as follows:

"The Echo Publishing Company, by A. E. Warrendorf, manager."

Attached to the deed is the following affidavit:

"A. E. Warrendorf, being duly sworn on his oath says that the Echo Publishing Company is the legal and absolute owner of the personal property above described and that the same is free from all claims and liens whatsoever.

"A. E. WARRENDORF."

The mortgage was filed for record on June 28, 1899. Subsequent to the filing of the mortgage for record, defendant obtained a money judgment against Warrendorf upon which he sued out an execution and caused to be levied upon and sold the larger part of the property described in the plaintiff's petition and in the mortgage.   At the sale William M. Tompkins became the purchaser of the property and afterwards sold it to defendant.   Before the sale was made plaintiff gave

the defendant written notice that he (plaintiff) had a duly-recorded mortgage on the property executed by Warrendorf to secure the note therein described.

In respect to the note of $300, plaintiff testified that he let Warrendorf have $235 in money and a note for $50 on Mr. Fishback, on which there was due $15 interest; that the Fishback note was made to him and signed by Fishback; that Warrendorf was not a security or indorser on the note; that he understood from Mr. Fishback that Warrendorf owed him (Fishback) and had agreed to take up his note in part consideration of the loan.

The Fishback note was several years overdue at the time and defendant offered to prove that the note was worthless; that plaintiff never made any effort to collect it for the reason he knew Fishback to be insolvent. This evidence was offered with a view of showing that plaintiff indirectly exacted usurious interest of Warrendorf. On the objection of plaintiff this evidence was excluded.

At the close of plaintiff's evidence and again at the close of all the evidence, defendant offered instructions in the nature of demurrers to the evidence which the court refused.

At the request of plaintiff, the court instructed the jury as follows:

"The court instructs the jury, that if you shall find from the evidence that Arnold E. Warrendorf was doing business under the name and style of the Echo Publishing Company, Arnold E. Warrendorf, manager, in the city of St. Louis, Missouri, and became indebted to plaintiff, and executed a promissory note to him for the sum of $300, the amount of his indebtedness due plaintiff, in the name of the Echo Publishing Company, Arnold E. Warrendorf, manager, dated June 26, 1899, and also at the same date executed in the same manner a chattel mortgage upon the personal property in controversy to plaintiff for the purpose of securing the payment of said indebtedness, and said chattel mortgage was filed for record in the office of the recorder of the

city of St. Louis, and that said indebtedness is still unpaid, and that subsequent to the filing for record of said chattel mortgage and while the same was of record, one James P. Miles, as constable, took possession of said personal property without the consent of plaintiff, upon the request of Conde L. Benoist, and sold or detained the same from plaintiff, then your verdict must be for the plaintiff, against the said defendants, for the value of the personal property so taken at the time it was taken by said constable Miles, and you may if you see fit add interest thereon at six per cent per annum from the time of seizure by the constable, and if you do not so find the facts, your verdict must be for the defendant.''

1.    In respect to the exclusion of the evidence, which defendant offered as tending to prove usury, it does not appear that plaintiff proposed to loan Warrendorf $235 on condition that he would take up the Fishback note and give his own note for $300, but it does appear that the proposition was made to plaintiff that if he would loan Warrendorf $235, Warrendorf would take up the Fishback note and give his own for $300. Plaintiff did not exact or demand that Warrendorf should take up the Fishback note; that proposition came from the borrower and not from the lender, and it was immaterial whether the Fishback note was solvent or insolvent and we think the court correctly excluded the evidence as to the solvency of the note.

2.    It is contended by defendant that as the chattel mortgage does not on its face purport to be the deed of Warrendorf that, as to creditors prior and subsequent, the deed is not his deed.    It is undoubtedly the law that a chattel mortgage executed by the owner of the property under a fictitious name is not notice to a bona fide purchaser of the property from the owner selling under his true name.    Mackey v. Cole, 79 Wis. 426.    And it is undoubtedly true that had defendant bought the property without notice of the fact that Warrendorf was doing business under the name ''Echo Publishing Company'' and that the chattel mortgage was his act and deed he would be entitled to hold the

property against the mortgagee. But the evidence is that the premises occupied by Warrendorf as a publishing house were rented from defendant, and that defendant knew he was doing business under the name "Echo Publishing Company."

It is also in evidence that before the sale was made plaintiff notified defendant in writing that Warrendorf had made the mortgage. In these circumstances there can be no doubt that defendant bought with knowledge of the fact that Warrendorf had mortgaged the property to plaintiff. He was, therefore, not an innocent purchaser, but a purchaser with full notice of the fact of the existence of the mortgage and of the fact that it had been executed by Warrendorf. His purchase, therefore, was subject to the mortgage and his retention of the property after his purchase was a conversion of it on account of which he was liable to plaintiff for its value.

The instruction asked by defendant and refused by the court was on the theory that the mortgage was given to secure a usurious loan and that the mortgage having been executed by Warrendorf under an assumed name was not binding on the defendant. This instruction, as we have seen, was rightfully refused as was also the instruction in the nature of a demurrer to the evidence.

Discovering no reversible error in the record, the judgment is affirmed. *Barclay* and *Goode, JJ.*, concur.