### L. Fish Furniture Company, Defendant in Error, v. Reliable Storage & Van Company, Plaintiff in Error.

#### Gen. No. 19,542.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed May 19, 1914.

### Statement of the Case.

Action in the Municipal Court of Chicago by L. Fish Furniture Company, a corporation, against Elizabeth Caird and Reliable Storage & Van Company, a corporation, in replevin. The writ was served as a summons upon the Storage Company, and no property having been taken upon the writ, the action was changed to trover. Elizabeth Caird was served with a summons, but the action was later dismissed as to her. The plaintiff filed with its statement of claim copies of the instruments relied on to show title, being copies of a note and chattel mortgage from Elizabeth Caird to

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

plaintiff. Defendant Storage Company filed an affidavit of merits stating that it did not at any time store the goods for the plaintiff nor wrongfully take or detain the goods; that it never heard of the chattel mortgage and never had any dealings with plaintiff, and that no demand was made upon it by the plaintiff for the goods. The evidence showed that the woman who was made defendant under the name of Elizabeth Caird had been known by the name of Mrs. E. Johnson; that she purchased the goods of plaintiff and gave a promissory note in payment, secured by a chattel mortgage, the note and mortgage being executed in her name as Elizabeth Caird; and it appeared that she was known to the Storage Company by the name of Mrs. E. Johnson. A judgment was entered in favor of plaintiff, and defendant brings error.

KRUSE, PEDEN & MERRICK, for plaintiff in error.

SAMUELS, SHURTLEFF & SAMUELS, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. CHATTEL MORTGAGES, § 110*—*when persons not chargeable with record notice.* A mortgage on personal property made by one who is not the owner of the property, or by the owner in a fictitious name, and placed on record is not constructive notice to anyone dealing with the owner in his true name. The record in such case would give no information nor lead to any knowledge that the mortgage existed upon the particular property.

2. CHATTEL MORTGAGES, § 110*—*when question of actual notice of mortgage is for jury.* In an action against a Storage Company for conversion of goods stored, where it appeared that the plaintiff had sold the goods to a woman who had executed to plaintiff a chattel mortgage thereon in a certain name and that she had stored the goods with defendant under a different name by which she was known, *held* that defendant Company was not liable unless it had actual notice of the mortgage, and that the court erred in taking the

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

question of whether defendant had such notice from the jury, in restricting the defendant to proof of the value of the goods and in submitting to the jury only the question of the value of the goods.

3. TROVER AND CONVERSION, § 42*—*when submission to jury of improper form of verdict is error.* In an action of replevin, later changed to trover, submission to the jury of one form of verdict requiring the jury to find defendant guilty of malicious and intentional conversion, *held* error, there being no such averments in the affidavit for replevin or statement of claim filed, nor any evidence to base it on.