WUNSCHEL v. FARMERS' STATE BANK OF BURKBURNETT et al.
(No. 1352.)

(Court of Civil Appeals of Texas. Amarillo. May 29, 1918.)

CHATTEL MORTGAGES ☞150(1) — RECORD — NOTICE.

The record of a chattel mortgage, made by one who is not the owner of the property, is not constructive notice to one dealing with the owner.

Appeal from District Court, Wichita County; Edgar Scurry, Judge.

Suit by the Farmers' State Bank of Burkburnett against Max Wunschel and others. Judgment for plaintiff, and the named defendant appeals. Affirmed in part, and reversed and rendered in part.

Martin & Oneal, of Wichita Falls, for appellant. R. E. Huff, of Wichita Falls, for appellees.

HALL, J. Appellee bank instituted this suit against Arthur Day, M. L. Moore, and appellant, Wunschel, praying for judgment against Day and Moore on six promissory notes, dated November 6, 1916, executed by them, and seeking the foreclosure of a chattel mortgage executed by Arthur Day at the same time to secure the above-described notes. The mortgage contains a description of two wagons, two sets of harness, two cows, and four horses, two of the horses described as follows: "Two black horses named Sam and Coley." It is alleged that the mortgage was duly filed for registration; that appellant, Wunschel, had purchased and had in his possession the two horses, named Sam and Coley, and the wagon and set of harness first described in the mortgage. A writ of sequestration was issued by plaintiff and levied upon said horses and wagon.

Appellant answered that on the date of the filing of the suit he had the two horses, Sam and Coley, the Studebaker wagon, with oil tank and pump, and the nearly new set of harness, as described in plaintiff's petition, which was then of the reasonable market value of $600; that he purchased all of said property on December 2, 1916, from his codefendant M. L. Moore, for $600 cash, without any notice, constructive or actual, of any claim to, interest in, or lien upon such property by any other person whatsoever; that he was a bona fide purchaser thereof for value; that said property was on the date of his purchase, and had continuously theretofore, since prior to November 6, 1916, been the property of said M. L. Moore, used, controlled, and possessed by him, and that neither on November 6, 1916, nor at any other time, did said Moore execute a mortgage on the same; that he had no knowledge of the execution by Arthur Day and M. L. Moore of the note sued upon, or of the execution by Arthur Day of the mortgage which plaintiff sought to foreclose upon said property; and that the defendant Arthur Day at no time had any right, title, or interest in said property to mortgage. He reconvened for damages for the levy of the writ, prayed for possession of the property, and judgment for his damages for the wrongful sequestration. Defendant Moore filed no answer. Arthur Day answered that he executed the notes and mortgage, but that he was a minor, and was only 17 years of age when he executed the same, that he received none of the proceeds of the notes or mortgage, and that the horses, named Gingger and Charlie, were his own horses.

There are other pleadings in the record not necessary to be set out here. It was agreed in open court that appellant purchased the horses, Sam and Coley, and the Studebaker wagon, oil tank, pump, and set of new harness from M. L. Moore, in good faith, without actual notice of the bank's mortgage or claim on said property. It was further agreed that at the time of the execution of the writ of sequestration upon said property appellant was in possession of it in Archer county, and that his actual damages, by reason of the levy of the writ of sequestration and depriving him of the use of his said team, amounted to $30.

In reply to special issues submitted, the jury found that the defendant Day was not 21 years of age when the notes and mortgage were executed; that he did not represent to the bank that he desired to purchase the property mortgaged by him, or any portion of it, with the proceeds of the note, nor did he represent that he already owned other property discribed in the mortgage, and desired to obtain the loan with the security of the property being purchased and with what he already owned; that he did not represent to the bank that he was 21 years

old at the time of executing said notes; that the officers of said bank did not believe him to be 21 years of age; that a person of ordinary prudence would not have believed him to be 21 years of age; that the horses, Sam and Coley, and the Studebaker wagon, with oil tank and pump, and the set of harness purchased by Wunschel, were in the possession of defendant Moore from November 6, 1916, the date of the mortgage, up to and at the time the defendant Wunschel purchased them on December 2, 1916. The court foreclosed the mortgage upon the property owned by defendant Wunschel. Wunschel alone appealed.

Upon the findings Wunschel moved the court for judgment in his favor. This motion was overruled, and this ruling is the basis of the first assignment of error. The proposition under this assignment is that, if Arthur Day did not represent to the agent of plaintiff that he intended to buy the property from defendant Moore, and not only the title to said property, but also the possession of same, remained in Moore from the time of the making of the mortgage by Day to the time of the sale of the property by Moore to Wunschel, and Wunschel was the purchaser of said property from Moore for a valuable consideration, in good faith, without actual notice of the bank's claim to a mortgage upon the same, by reason of the mortgage executed by Day, then Wunschel took the title and possession of said property clear of any incumbrance upon same in favor of said bank, and was entitled to judgment in his favor, clearing said property of said claim by plaintiff bank, and for damages for the wrongful sequestration of the same. This proposition submits the only question necessary to be considered. The law with reference to this question is stated in 11 C. J. p. 540, § 228, as follows:

"The record of a mortgage of personal property made by one who is not the owner of the property is not constructive to one dealing with the owner."

And in 5 R. C. L. pp. 413, 414, § 40, the rule is announced in this language:

"The weight of authority is that a mortgage on personal property, made by one who was not the owner of the property, or executed by the owner in a fictitious name, although placed on record, is not constructive notice to any one dealing with the owner in his true name. The reason of the rule is that such conveyances in fictitious name lie outside of the chain of title, and therefore impart no notice. So, where a mortgagee advances money to the person in possession of the property, he is not obliged to look for mortgages on his interest in the property in any fictitious name, nor in the name of any one acting for him."

See Beaumont Rice Mills v. Bridges, 45 Tex. Civ. App. 439, 101 S. W. 511; Mackey v. Cole, 79 Wis. 426, 48 N. W. 520, 24 Am. St. Rep. 728; New England National Bank v. Northwestern National Bank, 171 Mo. 307, 71 S. W. 191, 60 L. R. A. 256; Brayton v. Beall, 73

S. C. 308, 53 S. E. 641; Bradford v. Lembke, 118 S. W. 159; Fish Furniture Co. v. Reliable Storage & Van Co., 187 Ill. App. 6.

It has been stated in this court that the property purchased by Wunschel has been sold by the bank, and that its value was $600. It is therefore ordered that the judgment of the court below be affirmed, except in so far as it decrees a foreclosure of the chattel mortgage lien upon the property purchased by Wunschel. In this particular the judgment is reversed, and here rendered that appellant, Max Wunschel, recover of appellee bank the sum of $600 being the value of the mortgaged property, together with interest thereon from the date of the levy of the writ of sequestration, and that he recover the further sum of $30 damages for the wrongful levy of said writ together with his costs.

Affirmed in part, and reversed and rendered in part.

HUFF, C. J., not sitting, being absent in Austin, sitting with committee of judges passing on writs of error for Supreme Court.