### HORACE W. DAVIS & another *vs.* SMITH-SPRINGFIELD BODY CORPORATION.

Hampden.    October 16, 1924. — November 25, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Mortgage*, Of personal property. *Practice, Civil*, Report, Requests for rulings, Exceptions, Findings by trial judge, Adverse claimant. *Conflict of Laws*.

Upon a report of an action heard in the Superior Court by a judge without a jury, findings by the trial judge of subsidiary facts and a general finding for one of the parties must stand as final provided there is any

evidence to support them and provided as matter of law they were reasonably possible on the evidence.

Where, at the trial of a replevin suit, it appears that all material transactions as to the property sought to be replevied took place in the State of New York and there is no evidence of the law of that State applicable to the matters in issue, the rights of the parties must be determined by the common law of this Commonwealth.

The mere execution, delivery and recording of a mortgage of personal property, demand upon the mortgagor for payment of the mortgage note, and refusal of payment by him, do not alone constitute evidence of that title in the mortgagee necessary to support an action of replevin by him.

Under the established law of this Commonwealth, a mortgage of personal property creates no lien, effectual against persons not parties to the mortgage, as to property not owned by the mortgagor when it is made.

At the trial of a replevin suit relating to an automobile chassis, it appeared that the plaintiff claimed title through a chattel mortgage, duly executed and delivered, and that the chassis had been shipped from Germany to a bank in New York City with bill of lading and draft attached, and there was evidence that the mortgage in question was given to the plaintiff in consideration of his assisting the mortgagor to obtain money to take up the draft and procure delivery to him of the property, that it was given before the mortgagor had received title, and that after it was given the mortgagor conveyed the property to one who intervened in the action as a claimant. The judge found that the plaintiff "did not have a valid mortgage upon the property" in question. *Held*, that the finding was warranted and must stand.

In the action above described, the judge found for the defendant and that "the claimant was the lawful owner of said property and as against the said plaintiffs had the right to the possession thereof." This court, without considering whether the facts brought the case within the province of either § 40 or § 41 of G. L. c. 231, *held*, that, in the circumstances, the order of the judge was right and that judgment should be entered in accordance therewith.

REPLEVIN of a Mercedes automobile chassis. Writ dated August 10, 1921.

The defendant filed a motion that one Walter C. Allen, who claimed title to the replevied property, be summoned to defend, and he was permitted to intervene as a claimant. The action then was heard by *Fessenden*, J., without a jury. Material facts found by the judge are described in the opinion. He also found and ordered as follows:

"I find for the defendant Smith-Springfield Body Corporation as against the plaintiffs and assess damages in the sum of $1, and I order that the plaintiffs return the property replevied to the said defendant.

"I find and order as between the claimant Walter C. Allen and the defendant Smith-Springfield Body Corporation that the said defendant deliver to the claimant, immediately after the return of the property replevied by the plaintiffs to the defendant, said property replevied upon the payment to the defendant by said claimant of the sum of $307.76."

After the resignation of *Fessenden*, J., *Wait*, J., reported the action to this court for determination of the following two questions:

"1. Whether or not there was a mortgageable title in Hurum at the time the mortgage was given.

"2. Whether or not the Trust Receipt and Advice of Draft and Guarantee marked Exhibit D and E hereto attached were inconsistent with the chattel mortgage and nullified and cancelled the same."

The case was submitted on briefs.

*P. E. Tierney & C. Bennitt,* for the plaintiffs.

*G. A. Bacon & H. Bijur,* (of New York,) for Allen.

Rugg, C.J.   This is an action of replevin.   The plaintiffs assert ownership and right to possession of an automobile chassis by virtue of a chattel mortgage given to them by one Hurum of New York City and recorded in the appropriate registry office of that city.   It was conceded that possession was in the defendant, who was entitled to a lien on the chassis for work rightly done on it.   The defendant therefore took no further part in the trial.   One Allen intervened as claimant.   The trial proceeded between him and the plaintiff.

It was also conceded that the chattel mortgage upon which the plaintiffs' case in part rests was duly executed, delivered and recorded, all in accordance with the laws of the State of New York, that demand was made by the plaintiffs for breach of the conditions of the mortgage, and that payment was refused.   These facts alone constitute no evidence of title or possession in the plaintiffs.   *Gibbs* v. *Childs,* 143 Mass. 103.

There was uncontradicted evidence tending to show these facts.   The mortgage was dated on May 2, 1921.   It covered

the chassis in question, which therein was described as " now located at the New York City dock of the United States Mail Steamship Co. Inc." It appeared from the deposition of Hurum that the chassis in question, with another, was shipped by the manufacturer in Germany to a bank in New York, with bill of lading and attached draft. Upon notice to Hurum of their arrival, a loan was obtained from the Irving National Bank upon note given by him secured by the indorsement of the plaintiffs. The money realized thereby was used in taking up the draft and obtaining delivery of the two chassis. Contemporaneously the plaintiffs signed and delivered to the Irving National Bank a paper entitled " Advice of Draft and Guarantee." That instrument was not signed by Hurum and contained a recital that the plaintiffs had " deposited herewith and pledged as collateral security for the payment " of the note the two chassis in question. The plaintiffs and Hurum on the same date, namely May 4, 1921, executed and delivered to the Irving National Bank a " Trust Receipt," wherein they acknowledged the receipt from the same bank of the two chassis and in consideration thereof agreed to hold them " in storage as the property of said bank, until all terms hereof have been complied with, the liberty to sell the same for its account but without liberty to pledge, and in case of sale, to hand as trust funds so received, the avails as soon as received to the said bank as security for due provision for its acceptance on account . . . . It is understood, however, that if the proceeds of any sale or deposition [*sic*] of said merchandise shall be in notes or in bills receivable, they shall not be applied hereunder until paid, but with liberty meanwhile to said bank to sell or discount, and so apply the net proceeds."

Under date of May 6, 1921, Hurum and Allen entered into an agreement in writing with respect to a business arrangement between the two touching the sale of automobiles, wherein amongst other matters Hurum agreed to deliver forthwith a chassis to Allen to be paid for by the latter out of commissions to be earned by him. Acknowledgment of a substantial sum credited on account of this purchase by

Allen was signed by Hurum under date of May 18, 1921. The chassis was delivered to Allen by Hurum between May 20 and May 26, 1921. By instrument dated June 1, 1921, Hurum confirmed the sale to Allen of the chassis according to the terms of payment set forth in the agreement between them.

The case was tried before a judge of the Superior Court without a jury. He made findings of fact to the effect that the plaintiffs " did not have a valid mortgage upon the property mentioned in the writ and had no right to the possession of said property, at the time of the beginning of the action and have not since," and that " the claimant was the lawful owner of said property and as against the said plaintiffs had the right to the possession thereof."

The claimant presented several requests for rulings. These do not appear to have been passed upon by the judge. Since the claimant prevailed below, he has no further concern with these requests; and the plaintiffs could not and did not except to them because they were not granted. They are not before us. The case is reported on two issues together with certain exceptions raised at the trial. The latter have not been argued and therefore are to be treated as waived.

The finding of facts made by the judge and his general finding in favor of Allen must stand as final provided there is any evidence to support them and provided as matter of law they were reasonably possible on the evidence. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143.

All these transactions took place in the city and State of New York. There was no evidence as to the law of that State. Hence the rights of the parties must be determined by the common law of this Commonwealth. *Hazen* v. *Mathews*, 184 Mass. 388, 391. *Park & Pollard Co.* v. *Agricultural Ins. Co.* 238 Mass. 187, 192.

The first issue reported is " Whether or not there was a mortgageable title in Hurum at the time the mortgage was given." This issue means whether as matter of law the finding of the judge, to the effect that the plaintiffs " did not have a valid mortgage upon the property " in question, can be supported as matter of law.

It is manifest that the mortgage under which the plaintiffs must prevail, if at all, was,. or well might have been found to have been, given before the mortgagor had any title to the property therein described.   It was given at least the day before the title to that property was transferred by the bank to which it was consigned by the foreign manufacturer. That bank was the owner.   *T. D. Downing Co.* v. *Shawmut Corp. of Boston,* 245 Mass. 106, 112.   It was, at the earliest, not until the day following the date of the mortgage, under which the plaintiffs claim, that the money was procured from the Irving National Bank to pay the bank to whom the goods were shipped by the foreign manufacturer.   The trust receipt was dated two days later than the mortgage. Therefore the mortgage, when given, was of property to be thereafter acquired by the mortgagor.   Under the established law of this Commonwealth a mortgage of after acquired property creates no lien on such property.   *Jones* v. *Richardson,* 10 Met. 481.   *Federal Trust Co.* v. *Bristol County Street Railway,* 222 Mass. 35, 45, and cases there collected.   *Taylor* v. *Barton Child Co.* 228 Mass. 126, 129, 130.   *Skilton* v. *Codington,* 185 N. Y. 80.   *Titusville Iron Co.* v. *New York,* 207 N. Y. 203.

There was no evidence requiring the inference that the mortgage and trust receipt were contemporaneous or parts of the same transaction.   The parties were different.   The dates are different.   Although the deposition of Hurum was introduced in evidence, there is nothing in the record on this point.

It does not appear that the plaintiffs ever took possession of the property in question under their mortgage before the rights of the claimant Allen intervened.   See *Coggan* v. *Ward,* 215 Mass. 13.

It is open to doubt on this record whether Hurum had any interest under the trust receipt and the advice of draft and guarantee, which he could mortgage or which was compatible with the mortgage here in litigation.   That is in substance the second issue reported; but it becomes unnecessary to consider it, because, for reasons already stated, the plaintiffs fail to show title in themselves.

The claimant Allen shows possession of the property under a claim of title. The plaintiffs, failing to show right to present possession of the property in themselves under their mortgage, cannot prevail. " A plaintiff in replevin . . . must maintain his case on the strength of his own title or claim. It is immaterial whether the defendant has or has not any title, if the plaintiff fails to show any in himself." *Johnson* v. *Neale*, 6 Allen, 227, 229. *Silver* v. *Roberts Garage, Inc.* 240 Mass. 571, 573.

All the parties in interest are before the court. No question as to practice or procedure has been raised. Whether the facts bring the case within the provisions of either § 40 or § 41 of G. L. c. 231, has not been considered. This is one of the cases where, since the plaintiffs cannot prevail and the disposition would be the same in any event, there seems to be no objection to stating the grounds of substantive law requiring that result. *Browne* v. *Turner*, 176 Mass. 9, 12. *Commonwealth* v. *McNary*, 246 Mass. 46, 48, and cases there collected. *Diaz* v. *Patterson*, 263 U. S. 399, 402.

The " Finding and Order " of the Superior Court is right and judgment is to be entered in accordance therewith.

*So ordered.*