## RHEA MORTGAGE CO. v. LEMMERMAN.
### (No. 839–4904.)

Commission of Appeals of Texas, Section B. Nov. 28, 1928.

Austin F. Anderson, of Fort Worth, for plaintiff in error.

W. O. Davis, of Gainesville, for defendant in error.

LEDDY, J. Plaintiff in error, in due course of trade, for a valuable consideration, acquired a promissory note executed by R. H. Pringle, payable to the order of the Fain-Bender Motor Company, a corporation; said note being secured by a chattel mortgage on an automobile.

It appears that the Fain-Bender Motor Company was engaged in the business of selling new and used automobiles in the city of Fort Worth, and that it was the custom for this company to assign notes taken by it for deferred payments on automobiles sold to its customers to this mortgage company, together with the mortgages securing them, and that the transaction out of which this suit arose was handled as other transactions, the only difference being that in this instance the note and mortgage were executed by an officer of the Fain-Bender Motor Company.

After plaintiff in error had duly registered the mortgage assigned to it in this transaction, the automobile covered thereby was sold from the floor of the Fain-Bender Motor Company salesroom to one High, who subsequently traded the car to said company on another car, and it was then sold to defendant in error, Lemmerman, out of the stock daily exposed for sale by the Fain-Bender Company. Lemmerman had no actual notice at the time he purchased the car of the existence of the mortgage held by the plaintiff in error.

Pringle having made default in the payment of said note, plaintiff in error brought suit against him thereon and sought a foreclosure of its mortgage lien. At its instance a writ of sequestration was issued, and the car covered by the mortgage was taken by an officer acting under such writ from the actual possession of the defendant in error. Upon proper claimant's affidavit and bond being filed by Lemmerman, a trial of the right of property followed. At the close of the evidence the trial court peremptorily instructed the jury to render a verdict in favor of the claimant, Lemmerman. Upon appeal the judgment of the trial court was affirmed by the Court of Civil Appeals by a divided court; Associate Justice Buck dissenting.

There is no evidence in the record, aside from the mortgage, showing that Pringle was the owner of the car at the time he executed the mortgage to the Fain-Bender Motor Company, under which plaintiff in

error claims. In fact, the evidence affirmatively shows, without dispute, that Pringle was not the owner of the car at the time he attempted to mortgage the same to the Fain-Bender Motor Company. No bill of sale was recorded or found in the files of the company showing such sale. The car was not shown to have ever been licensed in the name of Pringle on the records of the county. It was the custom of the company to keep record sheets of all new cars, showing the name of the purchaser, and a search of the company's records failed to show any sales sheet covering this transaction. The evidence further disclosed without dispute that the car was kept as a part of the stock of the Fain-Bender Motor Company daily exposed for sale, and therefore was never in the individual possession of Pringle. In addition to this, one employee of the Fain-Bender Motor Company swore positively that Pringle never owned an automobile while he was with the company. There was no evidence showing that the Fain-Bender Motor Company consented to or knew of the execution of the notes and mortgage by Pringle, or knew or consented to their transfer to the Rhea Mortgage Company, nor is there any, evidence in the record showing that the Fain-Bender Motor Company ever received any part of the cash paid to Pringle by the Rhea Mortgage Company in consideration of the transfer of such notes. Under this state of the record, we think it conclusively shown that Pringle never owned, nor did he ever have in his individual possession, the automobile in question.

A determination of the question as to whether the registration of the mortgage held by plaintiff in error was constructive notice to Lemmerman at the time he purchased the car from the Fain-Bender Motor Company is decisive of this appeal.

■ We think the overwhelming weight of authority establishes the rule that a mortgage on personal property made by one who is not the owner thereof, although placed of record, is not constructive notice to any one dealing with the owner of the property. Beaumont Rice Co. v. Bridges, 45 Tex. Civ. App. 439, 101 S. W. 511 (writ refused); Wunschel v. Farmers' State Bank of Burkburnett (Tex. Civ. App.) 203 S. W. 924; Kinney v. Murray, 170 Mo. 674, 71 S. W. 197; Bradford v. Lembke (Tex. Civ. App.) 118 S. W. 159; Mackey v. Cole, 79 Wis. 426, 48 N. W. 520, 24 Am. St. Rep. 728; Maier v. Davis, 57 Wis. 212, 15 N. W. 187; Johnson v. Wilson, 137 Ala. 468, 34 So. 392, 97 Am. St. Rep. 52; Lembeck-Betz Eagle Brewing Co. v. Barbi, 90 N. J. Eq. 373, 106 A. 552; Crawford v. Benoist, 97 Mo. App. 219, 70 S. W. 1098; Brayton v. Beall, 73 S. C. 308, 53 S. E. 641, L. Fish Furniture Co. v. Reliable Storage & Van Co., 187 Ill. App. 6; Wade on Notice, § 205, p. 223; Cobbey on

Chattel Mortgages, § 781; Lewis v. Buttrick, 102 Mass. 412; 5 Ruling Case Law, p. 415, § 40; 11 C. J. p. 540, § 288; Gibbs v. Childs, 143 Mass. 103, 9 N. E. 3.

The prevailing rule is well stated in 5 Ruling Case Law, p. 415, § 40:

"The weight of authority is that a mortgage on personal property made by one who is not the owner of the property * * * although placed on record, is not constructive notice to any one dealing with the owner in his true name."

In 11 Corpus Juris, p. 540, § 288, the general rule is stated to be:

"A record of a mortgage of personal property made by one who is not the owner of the property is not constructive notice to any one dealing with the owner."

To sustain plaintiff in error's position that the record of its mortgage was constructive notice to Lemmerman, it relies upon the cases of Dendy et al. v. First Nat. Bank of Cobleskill, 76 Kan. 301, 91 P. 682, Wogan v. Sivey, 95 Kan. 774, 149 P. 411, and Iowa Nat. Bank v. Citizens' Nat. Bank, 70 Okl. 1, 172 P. 924. An examination of these cases shows that the decisions in the Kansas and Nebraska cases sustain plaintiff in error's contention; the Oklahoma case under the facts shown therein being readily distinguishable from this case. The rule announced in these cases has been sharply criticized by text-writers and many courts of other states. They do not appear to have been anywhere cited with approval, and are clearly out of harmony with a long line of well-reasoned cases. We think the numerous cases we have cited laying down the contrary doctrine are soundest in principle and based upon better reasoning.

In so far as this question has been presented, the courts of this state have adopted a rule contrary to the doctrine laid down by the Kansas and Nebraska courts. It was so decided in the case of Beaumont Rice Mills v. Bridges, 45 Tex. Civ. App. 439, 101 S. W. 511, in which the Supreme Court denied a writ of error. In the Amarillo Court of Civil Appeals, in Wunschel v. Farmers' State Bank of Burkburnett, supra, Justice Hall quotes with approval the general rule laid down by Corpus Juris that the record of a mortgage on personal property made by one who is not the owner of the property is not constructive notice to one dealing with the owner.

■ It appears that the car involved was taken from the actual possession of Lemmerman, hence the burden was upon Rhea Mortgage Company to establish a superior right to said property. Article 7416, R. C. S. 1925; Marrett v. Herrington (Tex. Civ. App.) 145 S. W. 254. In order to do so, it was essential that it show a valid mortgage by establishing ownership in Pringle at the time the mortgage was executed. The mort-

gage introduced in evidence by this company was insufficient of itself as against the claimant to establish ownership in Pringle at the time of its execution. As said by Justice Field of the Supreme Court of Massachusetts, in the case of Gibbs v. Childs, 143 Mass. 103, 9 N. E. 3:

"The execution and delivery of a mortgage of personal property are not evidence of title to the property included in the mortgage, as against a stranger. Such acts are not necessarily acts of dominion over the property itself. If there was no possession of the property by either the mortgagor or the mortgagees, the mortgage was, with respect to the defendant, res inter alios. The mortgage in this case is not an ancient document. If the execution, delivery, and recording of a mortgage were held to create a prima facie title to personal property against a person in possession, then a prima facie right to the property of another could be created by anyone at will"—citing Chaffee v. Blaisdell, 142 Mass. 538, 8 N. E. 435.

In Musser v. King, 40 Neb. 892, 59 N. W. 744, 42 Am. St. Rep. 700, it is said:

"There was no evidence offered showing that William B. King was either the owner or in possession of this property at the time he mortgaged it to Tibbets. The law, in the absence of all evidence on the subject, will not indulge the presumption that one who made a mortgage upon chattels was either the owner of or in possession of such property at the time he made such mortgage when the holder of such mortgage seeks to recover possession by replevin of such property from a third party."

For other cases announcing a similar rule, see 11 C. J. § 39, p. 431, note 72; Patterson v. Irvin, 132 Ala. 557, 31 So. 474; Martin v. Lesan, 129 Iowa, 573, 105 N. W. 996; Wilkes v. Gates, 68 Miss. 263, 8 So. 847; New England Nat. Bank v. Northwestern Nat. Bank, 171 Mo. 307, 71 S. W. 191, 60 L. R. A. 256; Lewis v. Buttrick, 102 Mass. 412; Keller v. Nutz, 5 Serg. & R. (Pa.) 246.

Believing that a correct conclusion was reached by the majority of the Court of Civil Appeals, we recommend that the judgment be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals is affirmed.