### MANNHEIM INS. CO. v. CHIPMAN.

(District Court, S. D. New York. July 14, 1903.)

1. MARINE INSURANCE—PREMIUMS—PAYMENT TO BROKER.
Defendant negotiated an open policy of marine insurance with plaintiff, through certain brokers, to whom plaintiff paid a commission. The premiums were paid monthly by defendant to the brokers, but the latter failed to pay over the sum to plaintiff. This course of dealing was continued for some time, and various letters were written by plaintiff to the brokers, requesting payment, and threatening that if payment was not made to notify the insured that payments to brokers would not be acknowledged. *Held*, that plaintiff recognized the brokers as its agent for the collection of the premiums, and hence was not entitled to recover payments made to such brokers, and not remitted.

2. SAME—ESTOPPEL.
Where an insurer permitted the insured to pay monthly premiums on open marine policies to brokers by whom the insurance was effected, and received such premiums from the brokers without objection, it was estopped from thereafter resorting to insured for premiums paid to the brokers which they had failed to pay over, though the original arrangement did not contemplate collection of premiums by such brokers.

Eustace Conway, for libellant.
Tyler & Durand, for respondent.

ADAMS, District Judge. This is an action brought by the libellant, the Mannheim Insurance Company, to recover from the respondent, William A. Chipman, the sum of $507.96, claimed to be due for premiums incurred during November, 1901, upon an open policy of marine insurance, dated May 1, 1901, covering cargo shipped by the respondent to Australia. There is no dispute as to the policy having been issued by the libellant, or as to the non-payment of the premiums to it. The premiums were actually paid by the respondent to a firm of insurance brokers, who did not, however, pay the premiums over, and, in January, 1902, made a general assignment for the benefit of

¶ 2. See Insurance, vol. 28, Cent. Dig. § 397.

their creditors. The question to be determined is, whether the payment to the brokers was a payment to the underwriter.

The policy, among other things, provided:

"Premiums payable monthly in cash. The assured hereby warrants and agrees to report to the insurers as soon as practicable after they have knowledge thereof, all their above described risks and to pay premiums thereon when due."

The libellant contends that under this provision the respondent was not justified in paying the premiums to the brokers excepting at his own peril, and that the brokers were the respondent's agents in all respects and not the agents of the libellant in any respect.

The respondent, on the other hand, contends that the brokers were the agents in fact of the libellant for the collection of all of the premiums due under the contract, but that in any event, under the circumstances of the case, the libellant is estopped from denying that the brokers acted as its agents in collecting the premiums sued for.

The evidence shows that the insurance contract was the outcome of negotiations had between the agent of the underwriter and one of the brokers who represented the respondent. The policy was delivered to the brokers as the agents of the respondent and subsequently was received by him. The respondent's risks under the policy were reported by him to the brokers and by them to the underwriter. The bills for the premiums were made out in the name of the respondent and sent to the brokers for collection. The brokers were entitled to a commission of ten per cent. from the underwriter on the amount of the business and when they paid the premiums they had collected to the underwriter, they deducted the commission. This had been going on for several months. The premiums were always paid by the respondent to the brokers, who were expected by both parties to remit them to the underwriter. This course of business continued up to the time of the failure of the brokers and thereafter the respondent paid directly to the underwriter. Similar transactions had also taken place between the underwriter and the brokers with other parties with whom the underwriter was dealing. The payments of the premiums collected by the brokers were slow and the agent of the underwriter, on October 3, 1901, threatened the brokers in writing that if he did not receive a check at once, he would notify all insured parties that the premiums had not been paid over and take steps to secure payments from them direct. On the 8th of October, 1901, a similar threat was made and on the 11th of December, 1901, he wrote to the brokers that unless he received a check for all outstanding premiums he should notify the insured that payment of premiums to the brokers would not be considered as exonerating the insured from their obligations to pay the premiums direct to the underwriter. The effect of these threats was that all of the premiums collected up to November were paid by the brokers to the underwriter. Although the underwriter made a general claim that it was entitled to receive the full amount of premiums, without regard to the brokers, yet it appeared that in all of the transactions with the respondent, the brokers collected the premiums from the insured and paid them over to the underwriter, less the brokerage

or commission. The underwriter recognized the brokers as its agents for the collection of the premiums and only looked to the respondent when the brokers failed.

But. even if the original arrangement did not contemplate such collection by the brokers, the conduct of the underwriter in allowing the respondent to regularly pay the premiums to the brokers and its receipt of them from the brokers, precludes it from now resorting to the respondent for the premiums which he paid the brokers as usual but which they failed to pay over. The underwriter had notice that the brokers were withholding collected premiums but never notified the respondent, although there was opportunity to do so before the November premiums were paid to the brokers. The premiums were due monthly and had been paid every month by the respondent, who had always taken the brokers' receipts as vouchers for the payments and had no reason to believe that there could be any claim upon him after he had made the usual payments. The libellant, for its own purposes, was indulgent with the brokers and, omitting to advise the respondent of the situation as it existed, permitted him to go on paying them. As the underwriter had established agency relations respecting the premiums with the brokers, it cannot be permitted to repudiate them for the purpose of collecting the unpaid premiums from the respondent.

Libel dismissed.