W. F. DENDY *et al.*, *as Partners, etc.*, v. THE FIRST NATIONAL BANK OF COBLESKILL, NEW YORK.

No. 15,133.   (91 Pac. 682.)

SYLLABUS BY THE COURT.

1. CHATTEL MORTGAGES — *Executed to Owner—Validity—Replevin by Assignee.* Where the owner of personal property takes a mortgage thereon from one having no interest therein, securing an accommodation note between the same parties, and assigns the note and mortgage, the fact that the mortgagor never had any real interest in the property constitutes no defense to an action brought by the assignee to replevin the property under the mortgage, whether the defendant be a stranger to the transaction or a claimant under a party to it.

2. ——— *Inaccurate Description of the Property—Constructive Notice.* In an action to recover the possession of personal property under a chattel mortgage in which it is inaccurately

| 76  | 301 |
| f76 | 794 |
| 76  | 301 |
| 80  | 295 |
| f80 | 296 |

described, where the plaintiff relies upon the record as im-
parting constructive notice, such erroneous description is not
fatal to a recovery if in spite thereof the instrument gives
upon its face sufficient information from which by the aid
of reasonable inquiry the property intended can be identi-
fied; and whether that is the case is ordinarily a question of
fact, to be determined from all the circumstances of the case.

Error from Reno district court; PETER J. GALLE,
judge. Opinion filed July 5, 1907. Affirmed.

*A. M. Harvey,* and *John V. Abrahams,* for plaintiffs
in error.

*John D. Milliken, H. Whiteside,* and *A. C. Malloy,*
for defendant in error.

The opinion of the court was delivered by

MASON, J.: The First National Bank of Cobleskill,
New York, recovered judgment upon a verdict in a
replevin action brought by it against Dendy & Peck
for the possession of a number of cattle, and the de-
fendants prosecute error. The plaintiff claimed as as-
signee of a chattel mortgage executed by L. M. Hyre
to the Zeb F. Crider Commission Company. Three de-
fenses were interposed: (1) That the mortgage was
void; (2) that the cattle replevied were not in fact
those referred to in the mortgage; and (3) that even
if they were the description was so defective that the
record did not impart constructive notice of the fact,
it being admitted that the defendants purchased them
without actual notice of the mortgage.

The attack upon the validity of the mortgage is
based upon the circumstance that Hyre, the nominal
mortgagor, never had any real interest in the cattle.
They were owned by the commission company, of
which Hyre was an employee. He signed the note
and mortgage at the request of the company, and for
its purposes. The defendants argue that as Hyre had
no title a mortgage executed by him could create no
lien. There was an effort on the part of the plaintiff

to show that as a part of the transaction the company gave Hyre a bill of sale of the cattle—thereby vesting in him the legal title as a basis for his making the mortgage. Probably the execution of this bill of sale was not established, the reference to it in the evidence falling short of technical proof of that fact. But the omission is not important. The company was the actual owner of the cattle. In accepting and assigning the mortgage it recognized Hyre as their formal owner —as the holder of the legal title. The execution of a bill of sale could add nothing to the force of such recognition. By the purchase of the note the bank acquired a valid lien on the cattle. That the mortgage secured accommodation paper was not a matter of any concern to the parties to this litigation.

The question of the identity of the cattle replevied with those mortgaged was fairly submitted to the jury, and their verdict is conclusive. It is true that a representative of the commission company was permitted to testify to matters in this connection of which he had no personal knowledge, and technical error may have been committed in this respect. But the sources of his information were fully brought out, and upon consideration of the entire record we see no reason to believe that any substantial prejudice to the defendants could have resulted.

The description which the mortgage gave of the cattle was defective. They were described as kept at a particular ranch, whereas they were in fact in another part of the county. Whether notwithstanding this partial misdescription the mortgage still gave sufficient information by which the cattle could with reasonable inquiry have been identified was a question for the determination of the jury. (6 Cyc. 1037.) Although complaint is made of the instructions, we think they fairly presented this and the other questions involved and that no ground is shown for disturbing the verdict.

The judgment is affirmed.