**IOWA NAT. BANK v. CITIZENS' NAT. BANK OF WOONSOCKET, R. I., et al.**

No. 8735—Opinion Filed April 30, 1918.

(172 Pac. 924.)

**1. Chattel Mortgages—Priority of Lien—Knowledge.**

Where the owner of personal property, without fraud, executes a bill of sale therefor to another, said bill of sale being executed without consideration, and for the purpose of procuring money for the owner, the owner of the property retaining the actual possession of the property, and the one to whom such bill of sale is made, with the knowledge and approval of the owner of the property, executes a mortgage upon the property, and the proceeds resulting from the sale and assignment of said mortgage is delivered to the owner of the property, such mortgage is a prior lien on said property to that of a mortgage subsequently executed by the owner of said property to secure a past indebtedness, where the mortgagee of said subsequent mortgage at the time of taking said mortgage from the owner of said property has actual knowledge of the prior mortgages, and the manner in which the same were brought about.

**2. Appeal and Error—Rejection of Evidence—Brief.**

In order to have reviewed by this court the action of the trial court in the admission or rejection of evidence, the brief must clearly show the evidence complained of, and the ground upon which the objection to such evidence is predicated.

**3. Appeal and Error—Conflicting Evidence—Conclusiveness of Verdict.**

Where the evidence in an action at law is in conflict, if there is sufficient competent evidence to reasonably sustain the verdict rendered, this court will not disturb the verdict.

**4. Replevin—Judgment—Evidence.**

The evidence in this case carefully examined, and the weight thereof found not to be against the judgment rendered.

(Syllabus by Collier, C.)

Error from District Court, Kiowa County; Thomas A. Edwards, Judge.

Action in replevin by the Citizens' National Bank of Woonsocket, R. I., against E. F. Paxson and another, in which the Iowa National Bank and the National Reserve Bank of Kansas City, intervened. From the denial of its motion to set aside special findings of fact and its motion for a new trial, the Iowa National Bank, intervener, brings error. Affirmed.

A. J. Morris, for plaintiff in error.

Tolbert & Tolbert, Zink & Cline, and Pew & Proctor, for defendants in error.

Opinion by COLLIER, C. The Citizens' National Bank of Woonsocket, R. I., hereinafter called plaintiff, instituted an action of replevin against E. F. Paxson and T. E. Givens, hereinafter called defendants, for the recovery of certain cattle described in the petition in this case, basing their claim on same upon a mortgage executed October 5, 1914, by E. F. Paxson to L. C. West and G. E. Givens, and by said West and Givens assigned to the Arnold Brokerage Company, and by said company transferred and assigned to the Citizens' National Bank of Woonsocket, R. I., which said mortgage was filed of record in the office of the register of deeds of Kiowa county on October 5, 1914. The Iowa National Bank, hereinafter styled intervener, intervened in said action, and set up a claim to said cattle described in the petition in this case, under and by virtue of two mortgages, one of which was executed on the 29th day of September, 1914, and filed of record on the 12th day of October, A. D. 1914, at 9 o'clock a. m., upon which there is a credit of $800, which mortgage was to secure the payment of $2,000 by T. E. Givens, the alleged owner of the cattle here sued for, to the Security National Bank of Oklahoma City, and by said Security National Bank sold and assigned to said intervener, in November, 1914, and upon another mortgage executed by said T. E. Givens on the 2d day of Jan-

uary, 1915, and filed for record January 5, 1915, to the Iowa National Bank of Des Moines, Iowa, which said mortgage was given to secure the payment of any and all notes bearing the indorsement of T. E. Givens. The National Reserve Bank of Kansas City, hereinafter called the second intervener, also intervened in said cases, claiming said cattle under and by virtue of a mortgage executed on the 12th day of October, 1914, by E. F. Paxson in the sum of $1,275, and filed for record October 14, 1914, which mortgage was executed to the Farmers' & Merchants' Bank of Mountain View, Okla., and transferred and assigned in due course before maturity and for a valuable consideration by the said Farmers' & Merchants' Bank to the said second intervener.

The several mortgages hereinbefore described, were offered in evidence, together with a bill of sale made by T. E. Givens to his son-in-law, Paxson, for the cattle in controversy, which bill of sale was not recorded. The uncontradicted evidence shows that E. F. Paxson never had or owned any interest in the cattle in controversy, for which he received the bill of sale, and that T. E. Givens authorized Paxson to make the mortgage to himself and West, and T. E. Givens indorsed the note for $2,000 which was assigned to the Arnold Brokerage Company, and that he (Givens) got the proceeds from that note and mortgage, and that he (Givens) was fully aware of all of the facts and circumstances surrounding the execution of the bill of sale, the execution of the note, and the giving of the chattel mortgage; that the execution of said bill of sale was given for the purpose of securing the indorsement of two persons who were engaged in banking, and there is no proof of any fraud in connection with said transaction.

The evidence is in conflict as to whether or not the Iowa National Bank had actual notice of the said mortgages executed by E. F. Paxson, which had been assigned to the Citizens' National Bank of Woonsocket, R. I., and the one assigned to the National Reserve Bank of Kansas City, Mo., prior to the taking of the mortgage that was executed by Givens to the Iowa National Bank on the 2d day of January, 1915. It was denied by Mr. Butler, vice president and agent of the Iowa National Bank, who took the mortgage executed by Givens January 2, 1915, that he had any knowledge of the bill of sale and the execution of the said mortgages by E. F. Paxson, while it is testified by D. M. Proctor and other witnesses that the Iowa National Bank by its vice president and agent, who took the mortgage bearing date of Jan-

uary 2, 1915, prior to the taking of said mortgage had notice of the said mortgages executed by Paxson, and the circumstances of their execution, whether mortgages were respectively assigned to the said intervener, and to the second intervener. The unquestioned evidence in the case was that the bill of sale executed by T. E. Givens to E. F. Paxson was without consideration.

The court made the following findings of fact and conclusions of law:

"(1) The court finds that during the year 1914 T. E. Givens was the owner of certain cattle involved in this action; that on the 21st day of March, 1914, the said T. E. Givens made, executed, and delivered to E. F. Paxson a bill of sale upon said cattle, which bill of sale was not recorded; that said bill of sale was without consideration, and that said E. F. Paxson was a son-in-law of the said T. E. Givens; that in order for the said T. E. Givens to negotiate notes secured by said cattle, it was necessary that two persons engaged in banking indorse such paper, and in order that T. E. Givens and L. C. West, who were engaged in banking, might indorse such paper, the bill of sale was given to E. F. Paxson that he might make the note to be indorsed by West and Givens.

"(2) The court further finds that at the time of the execution of the said bill of sale from Givens to Paxson there was no open and notorious change of possession and that said bill of sale was given by Givens for the purpose of satisfying a requirement that two officers of the Farmers' & Merchants' Bank should indorse the cattle paper, and the court further finds that Paxson at the time of the execution of the note and mortgage to West and Givens was not the actual owner of said cattle.

"(3) The court further finds that on the 5th day of October, 1914, the said E. F. Paxson made a note in the sum of $2,000, payable April 1, 1915, to L. C. West and T. E. Givens, secured by a mortgage upon the cattle described in said bill of sale, which mortgage was filed for record on October 5, 1914, and which note was indorsed by T. E. Givens and L. C. West, negotiated to the Arnold Investment Company, and by the Arnold Investment Company to the Citizens' National Bank of Woonsocket, R. I., the plaintiff herein.

"(4) The court further finds that on October 12, 1914, the said E. F. Paxson executed and delivered to the Farmers' & Merchants' Bank of Mountain View, Okla., a note in the sum of $1,275, secured by a mortgage on the cattle involved in this action, which mortgage was filed for record on October 14, 1914, and by the said Farmers' & Merchants' Bank negotiated to the National Reserve Bank.

"(5) The court further finds that on the 29th day of September, 1914, T. E. Givens

executed and delivered to the Security National Bank of Oklahoma City his note for $2,000, secured by a mortgage upon said cattle, which mortgage was filed for record on October 12, 1914, and that there was paid on said note on December 2, 1914, the sum of $800 and that said note in due course was transferred to the Iowa National Bank of Des Moines, one of the interveners herein.

"(6) The court further finds that on January 2, 1915, T. E. Givens executed to the Iowa National Bank his promissory note in the sum of $1,200, secured by a mortgage on said cattle, which mortgage was filed for record on the 5th day of January, 1915.

"(7) The court further finds that on January 2, 1915, the said T. E. Givens executed a note in the sum of $———to the Iowa National Bank, secured by a mortgage upon said cattle, which mortgage was filed for record on the 5th day of January, 1915, and was given to secure any and all notes bearing the indorsement of said T. E. Givens.

"(8) The court further finds that at the time of the taking by said Iowa National Bank and said National Reserve Bank of the mortgages or assignments hereinbefore mentioned, said Iowa National Bank and National Reserve Bank had no actual knowledge of the giving by said E. F. Paxson to L. C. West and T. E. Givens of said mortgage dated October 5, 1914.

"(9) The court further finds that the mortgage given on January 2, 1915, by T. E. Givens to the Iowa National Bank, to secure any and all notes bearing the indorsement of the said T. E. Givens, was not given for a present consideration passing between said parties.

"(10) The court further finds that on January 2, 1915, and at the time of the taking of the mortgage from T. E. Givens to the Iowa National Bank, Butler, the officer of said bank taking said mortgage, had actual knowledge of the existence of the mortgage bearing date of October 5, 1914, in the sum of $2,000, and of the mortgage bearing date of October 12, 1914, in the sum of $1,275.

"Conclusions of Law.

"(1) The court concludes as a matter of law that the giving of the bill of sale by Givens to Paxson for the purpose of mortgaging the cattle, and the giving of the note and mortgage upon said cattle by Paxson to West and Givens, would constitute a valid lien upon said cattle as between the parties thereto, but, not being followed by an open and notorious change of possession, would not be notice to third parties, except those having actual notice thereof.

"(2) The court further concludes as a matter of law that the note dated September 29, 1914, in the sum of $2,000, to the Security National Bank, and by its trans-

ferred to the Iowa National Bank, and upon which there remains unpaid the sum of $1,200 and interest, is a first lien upon said cattle.

"(3) The court further concludes as a matter of law that the priorities of mortgages now outstanding are as follows:

"First. The balance of $1,200 and interest upon the note of September 29, 1914, to the Security National Bank, now held by the Iowa National Bank.

"Second. The mortgage for $2,000, with interest, made by Paxson on October 5, 1914, to West and Givens, now held by plaintiff.

"Third. The mortgage of $1,275, with interest, dated October 12, 1914, made by E. F. Paxson to the Farmers' & Merchants' Bank, and which was indorsed to the National Reserve Bank.

"Fourth. The mortgage dated January 2, 1915, made by T. E. Givens to the Iowa National Bank to secure the indorsements upon the notes indorsed by T. E. Givens.

"Done at Hobart, Okla., this 9th day of May, 1916.

"Thomas A. Edwards, District Judge."

Thereupon the intervener moved the court to set aside the special findings of fact Nos. 9 and 10, upon the ground that the same are not sustained by sufficient evidence, and are contrary to the evidence in said case, which motion was overruled and excepted to by the intervener. Thereafter timely motion was made by the intervener for a new trial, which motion was overruled, excepted to, and this case brought by the intervener to this court.

It is contended by all of the parties to the record that this is an equity case, and that therefore this court should review the entire evidence and determine whether or not the weight of the evidence is clearly against the judgment rendered, and with this contention we cannot agree. The action commenced, being one of replevin, was a law case, and therefore if there is competent evidence, though in conflict, to reasonably sustain the judgment rendered, the judgment will not be disturbed.

The errors assigned are:

"(1) In making finding of fact No. 9; (2) in making finding of fact No. 10; (3) error in overruling the motion of the plaintiff in error to set aside said findings of fact Nos. 9 and 10; (4) said court erred in admitting, over the objection of the plaintiff in error, certain incompetent, irrelevant, and immaterial evidence; (5) said court erred in excluding certain competent, material, and relevant evidence rendered by the plaintiff in error; (6) said court erred in rendering said judgment against this plaintiff in er-

ror, in that it is not sustained by sufficient evidence, and is contrary to law; (7) said court erred in overruling the motion for a new trial filed by the plaintiff in error."

There is not set out in the brief the evidence complained of, and the ground upon which objection to such evidence was predicated, therefore this court will not consider said assignments 4 and 5. "In order to have reviewed by this court the action of the trial court in the admission or rejection of evidence, it must be clearly shown by the brief the evidence complained of and the ground upon which objection to such evidence is predicated." Connelly et al. v. Adams et al., 52 Okla. 382, 152 Pac. 607; First Bank of Maysville et al. v. Alexander, 49 Okla. 418, 153 Pac. 646.

The sixth assignment of error presents the most serious proposition involved in the case, the sufficiency of the evidence to support the judgment rendered by the court, and the important question involved therein is as to validity of the mortgages executed by E. F. Paxson and assigned to the intervener, and the validity of the mortgage executed by Paxson and assigned to the second intervener. The undisputed evidence is that at the time of the execution of said two mortgages Paxson did not own the cattle mortgaged; that the same belonged to T. E. Givens, and that the bill of sale given by Givens to Paxson was given without consideration, and the possession of the cattle retained by Givens; that the said mortgages were executed with the full knowledge of Givens; that he recognized the debts secured by said mortgage as his own debts, and indorsed the notes which said mortgages were given to secure, and that Givens received the proceeds of said mortgages; and that subsequent to the execution of said mortgages by Paxson, Givens, the owner of said cattle, with knowledge of the plaintiff of the Paxson mortgages and the manner in which created, mortgaged the cattle to the plaintiff to secure a prior indebtedness. We are therefore of the opinion that in said transaction the said Paxson was the mere agent of Givens, a mere vehicle by which in effect Givens executed the mortgages which were assigned to the intervener and to the second intervener, and that said mortgages were valid and binding obligations as against all parties having actual notice of the transaction, which resulted in the execution of said mortgages. "A mortgage made under an assumed name by the owner of the land is binding; the identity of the mortgagor as the owner being proved." Jones on Mortgages (7th Ed.) § 63.

In John S. Brittain Dry Goods Co. v. Blanchard et al., 60 Kan. 263, 56 Pac. 474, it is held:

"F. arranged with B., S. & R. for a loan of money to enable him to purchase a herd of cattle; agreeing to execute a bill of sale of them, when purchased, to V. and that V. should, in turn, execute notes and mortgages upon them to secure the money, and representing that he did not wish to execute the securities in his own name, because to do so might affect the credit of a bank of which he was president. The arrangement was carried out, except that F. did not execute the bill of sale to V. Held that, in the absence of a showing of fraudulent purpose upon the part of B., S. & R. the mortgage was not invalid as to third persons because of V.'s lack of property interest in the cattle."

In the body of the opinion it is said:

"It is true that Vinson had no interest in the cattle. He was employed as a mere intermediary through whom to transmit a mortgage lien upon them to the defendants in error. But the plaintiff in error does not claim that the arrangement by which he was to so act was entered into by the defendants in error with fraudulent purpose upon their part. Blanchard, Shelly & Rogers agreed to accept securities from Vinson upon the assurance by Foltz that he would transfer the legal title to Vinson by bill of sale. They did not agree to accept them from Vinson in order to aid Foltz to cover up the title to his property, but to avoid the credit of Foltz's bank becoming affected, as it was represented it might be, if Foltz, its president, were to execute a mortgage in his own name. Their assent to this arrangement for this reason may not have been laudible or praiseworthy, but it was not fraudulent in fact, as against Foltz's creditors."

In Dendy et al. v. First Nat. Bank of Cobleskill, N. Y., 76 Kan. 301, 91 Pac. 682, it is said:

"The attack upon the validity of the mortgage is based upon the circumstance that Hyre, the nominal mortgagor, never had any real interest in the cattle. They were owned by the commission company of which Hyre was an employe. He signed the note and mortgage at the request of the company, and for its purposes. The defendants argue that, as Hyre had no title, a mortgage executed by him could create no lien. There was an effort on the part of the plaintiff to show that as a part of the transaction the company gave Hyre a bill of sale of the cattle thereby vesting in him the legal title as a basis for his making the mortgage. Probably the execution of his bill of sale was not established: the reference to it in the evidence falling short of technical proof of that fact. But the omission is not important. The company

was the actual owner of the cattle. In accepting and assigning the mortgage, it recognized Hyre as their formal owner—as the holder of the legal title. The execution of a bill of sale could add nothing to the force of such recognition. By the purchase of the note the bank acquired a valid lien on the cattle."

In Wogan v. Citizens' Nat. Bank of Ft. Scott et al., 95 Kan. 774, 149 Pac. 411, it is held:

"An owner of personal property represented that it had been transferred to another, and he with such other applied for a loan of money secured by a chattel mortgage executed by such vendee on the property represented to have been sold. It was not a bona fide sale of the property, but the owner not only represented to the mortgagee that it was an actual sale, and aided in the obtaining of the loan upon the mortgage, but he also indorsed the note which was secured by the mortgage. The property was sufficiently described in the mortgage, which was duly filed for record. Held, that the mortgage was valid, not only as between the parties to its execution, but also as against a third party, who subsequently obtained a mortgage upon the same property executed by the owner."

We think the finding as to the time the plaintiff took the mortgage from Givens dated January 2, 1915, to secure the indorsement of notes heretofore made by Givens, is supported by the weight of the testimony, and therefore the said mortgages executed by Paxson were prior in right to the said mortgage executed by Givens to the plaintiff on the 2d day of January, 1915, and that therefore the judgment of the court as to the priority of the several mortgages involved in this controversy is sufficiently supported by competent testimony. The motion for a new trial we think was properly overruled.

It is true that in the seventh finding of facts, the court errs in stating "that T. E. Givens executed a note in $———to the Iowa National Bank, secured by a mortgage upon said cattle, which was given to secure any and all notes bearing the indorsement of the said T. E. Givens," as no note was given; only a mortgage was executed to secure said indorsements; but such error is an error without injury.

It may not be improper for us to say that, while we have held that this case was a law case, and decided it along that line, even if it were an equity case we feel confident that we could not say that the weight of the evidence is clearly against the finding of the court and the judgment rendered.

Finding no error in the record, this cause is affirmed.

Commissioner RUMMONS, having been of counsel in the lower court, did not participate in this opinion.

By the Court: It is so ordered.