## PEOPLE'S FINANCE & THRIFT CO. v. SHIRK.

No. 27640. Nov. 2, 1937.

Rehearing Denied Dec. 21, 1937.

Gill & Caldwell, for plaintiff in error.

Shirk, Danner & Earnhart, Edgar S. Vaught, Jr., and George Shirk, for defendant.

HURST, J. The plaintiff, People's Finance & Thrift Company, commenced this action in replevin against the defendant, George Shirk, for possession of an automobile. The parties appear here as in the trial court. The case was tried to the court on an agreed statement of facts, from which it appears that Miller Sales, Inc., a dealer in automobiles in Oklahoma City, was the owner and in possession of the car in question; on April 27, 1935, it took from one T. C. Blundell a mortgage on said car, to secure a note made by the latter to it; on April 29, 1935, the People's Finance & Thrift Company purchased said note and mortgage for a valuable consideration, before maturity, in good faith, and without knowledge that the mortgage transaction was not bona fide; Blundell did not take possession of the automobile, but it at all times remained on the floor of Miller Sales,

Inc.; the mortgage with the assignment thereon from Miller Sales, Inc. to People's Finance & Thrift Company were filed in the office of the county clerk on May 4, 1935; on June 15, 1935, the defendant, George Shirk, purchased said automobile from Miller Sales, Inc., in good faith, for a valuable consideration, and without actual notice of the mortgage; the records of the State Highway Commission show title to the automobile to have been first in L. W. Henson, then transferred from him to Miller Sales, Inc., and then from it to George Shirk; it never was registered in the name of Blundell. Payments on the note were in default, and plaintiff sought to recover possession of the car for the purpose of foreclosing its mortgage. The court entered judgment for defendant, and from that judgment, this appeal was taken.

The plaintiff's assignments of error are argued under the following general proposition:

"The law requiring automobile registration in the Highway Commission did not repeal by implication the law providing for constructive notice by filing a chattel mortgage in the office of the county clerk."

The correctness of this proposition is conceded by the defendant and his only reliance on the certificate of title is in connection with the ownership of the car at the time it was sold by Miller Sales, Inc.

Plaintiff, however, makes several other contentions under this proposition. It is argued that defendant was charged with notice of the chattel mortgage for the reason that it was duly filed in the office of the county clerk. Section 11277, O. S. 1931, as amended by section 1, ch. 56, art. 2, Sess. L. 1935, provides in part:

"A mortgage of personal property is void as against * * * subsequent purchasers * * * unless the original, or a certified copy thereof, be filed by depositing the same in the office of the county clerk. * * *"

The obvious purpose of this statute is to give constructive notice by the filing of the mortgage; it is intended to afford a purchaser a means by which he might ascertain definitely if a previous mortgage does exist which will be superior to his title. Morgan v. Stanton Auto Co. (1930) 142 Okla. 116, 285 P. 962. If a mortgage is not filed of record, a purchaser ordinarily will have no way of learning of its existence, no matter how diligent he may be, and in such case he is protected. It follows that when the purchaser has no plausible means of discovering the prior mortgage, even

though it is filed and correctly indexed, he should likewise be protected. Such is the case of a mortgage executed by one who was at no time the owner of the property. For, unless the instrument is filed, so that it will be indexed under the name of the owner or one who has been the owner, the purchaser is actually afforded no better means of discovering its existence than if it had not been filed. In the instant case the purchaser would, in the exercise of due diligence, inspect the certificate of title, and seeing title and possession in Miller Sales, Inc., would then examine the "M" mortgagor index in the office of the county clerk. His attention could in no way be directed to the "B" index to discover a mortgage executed by Blundell, who was never the owner, and who never had possession. Reasonable diligence does not require the purchaser to examine the entire files of the county clerk. We hold that the filing of a mortgage under such circumstances does not give constructive notice and places it in no better position than an unfiled mortgage. Therefore, the mortgage is void as against the defendant.

Situations identical to the instant case were presented to the Commission of Appeals of Texas in the cases of Rhea Mortgage Co. v. Lemmerman (1928 Tex.) 10 S. W. (2d) 691, and Southwest Security Co. v. Jacques (1931 Tex.) 42 S. W. (2d) 232. In both cases a dealer in used cars secured a mortgage on one of the cars on his lot from a person to whom title or possession was never conveyed, an employee in one case and an officer of the company in another, and assigned this mortgage to the plaintiff. In each case the mortgage was filed of record, but the car remained on the lot and the defendant purchased from the dealer without actual notice of the prior lien. Both cases held for defendant, and in the Lemmerman Case it was said:

"We think the overwhelming weight of authority establishes the rule that a mortgage on personal property made by one who is not the owner thereof, although placed of record, is not constructive notice to anyone dealing with the owner of the property."

Authorities are cited from Missouri, Wisconsin, Alabama, New Jersey, South Carolina, Illinois, and many texts, including 5 R. C. L. 415, sec. 40, and 11 C. J. 540, sec. 288, reflecting this general rule.

Plaintiff contends, however, that the mortgage is valid under authority of Dendy v. First National Bank of Cobleskill, 76 Kan. 301, 91 P. 682, and Iowa Nat. Bank v. Citizens' Nat. Bank (1918) 70 Okla. 1, 172 P. 924. The Oklahoma case cites Wogan v. Citizens Nat. Bank of Ft. Scott (or Wogan v. Sivey), 95 Kan. 774, 149 P. 411, and in discussing these cases, the Texas court in Rhea Mortgage Co. v. Lemmerman, supra, said:

"* * * the Oklahoma case under the facts shown therein being readily distinguishable from this case. The rule announced in these cases has been sharply criticized by textwriters and many courts of other states. They do not appear to have been anywhere cited with approval, and are clearly out of harmony with a long line of well-reasoned cases. We think the numerous cases we have cited laying down the contrary doctrine are soundest in principle and based upon better reasoning."

We might add that the distinguishing feature of the Oklahoma case is that the subsequent mortgagee, in the same position as defendant in the instant case, had actual notice of the prior mortgage executed by one not the owner. We agree with the views expressed in the Texas cases.

It is further argued that plaintiff did not assent to the sale to defendant or waive its mortgage lien, and that the unproved custom of Miller Sales, Inc., will not vary the terms of the mortgage held by plaintiff, but, under the views herein expressed, these contentions are not pertinent to a decision of this case.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and CORN, JJ., concur.