**BANKERS INVESTMENT COMPANY,**
a corporation, Plaintiff in Error,

v.

**E. E. HUMPHREY and Mary Humphrey,**
Defendants in Error.

No. 39398.

Supreme Court of Oklahoma.

March 6, 1962.

Houston, Klein & Davidson, by Jack Fine and Edmund Lashley, Tulsa, for plaintiff in error.

Covington & Gibbon, Tulsa, for defendants in error.

IRWIN, Justice.

Bankers Investment Company, hereinafter referred to as plaintiff, commenced an action in replevin against E. E. Humphrey and Mary Humphrey for the possession of a "Fairlane" automobile. The cause was submitted to the court on an agreed stipulation of facts. Plaintiff appeals from a judgment in favor of defendants.

## FACTS

It was stipulated that: on November 5, 1956, W. C. Moore, who had possession of the automobile, executed an Oklahoma Retail Installment contract in favor of Doenges Motors, Inc., covering the automobile in question; on the same date the above contract was executed, Doenges Motors assigned and transferred the contract to plaintiff and the same was properly recorded in Tulsa County; such assignment and transfer were for a valuable consideration and was a normal transaction between Doenges Motors and plaintiff; plaintiff did not inspect the Certificate of Title or the Manufacturer's Statement of Origin on the automobile.

It was further stipulated that: without the knowledge and consent of plaintiff, Doenges Motors assigned the Manufacturer's Statement of Origin to the automobile to Peaches Moore on November 7, 1956; Peaches Moore paid no consideration for this assignment; application was made for an original Oklahoma Certificate of Title and on November 8, 1956, the same was issued by the Oklahoma Tax Commission to Peaches Moore; on February 15, 1957,

W. C. Moore sold the automobile to Lauderdale Motor Co., which received the original certificate of title signed by Peaches Moore. The facts in this case do not disclose when Peaches Moore purchased the car from Doenges.

It was further stipulated that: on March 5, 1957, the Lauderdale Motor Co., for a valuable consideration assigned the original certificate of title to defendants and transferred possession of the automobile to them; on November 13, 1957, W. C. Moore became delinquent in his payments on the contract held by plaintiff; this was the first time plaintiff had knowledge of the transactions involving the assignment of the manufacturer's statement of origin and issuance of Certificate of Title to Peaches Moore, the transfer to Lauderdale Motor Company and the subsequent sale to defendants; demand was made upon defendants for return of the automobile, which demand was refused.

## CONCLUSIONS

In Paul Hellman, Inc. v. Reed, (Okl.), 366 P.2d 391, we held as between two innocent parties, one of whom had the means to protect himself but did not, the law favors the one who is not at fault. In Al's Auto Sales v. Moskowitz, 203 Okl. 611, 224 P.2d 588, we said where one of two innocent parties must suffer through the act or negligence of a third party, the loss should fall upon the one who by his conduct created the circumstances which enabled the third party to perpetrate the wrong or cause the loss. Therefore, we will examine the facts to determine if both plaintiff and defendants were innocent purchasers for value, and if they were, who should suffer the loss.

Plaintiff, in a normal business transaction, was assigned the Oklahoma Retail Installment contract executed by W. C. Moore in favor of Doenges Motors. At the time of the execution of the contract, W. C. Moore was in possession of the automobile offered as security. Plaintiff properly filed this contract of record to protect its lien and was an innocent purchaser for val-

ue. Plaintiff assumed that Doenges Motors, which purportedly sold the car to W. C. Moore, would assign the Manufacturer's Statement of Origin and cause to be issued the original Oklahoma Certificate of Title to W. C. Moore. However, Doenges assigned the Manufacturer's Statement of Origin to Peaches Moore and the Oklahoma Tax Commission issued the original Oklahoma Certificate of Title to Peaches Moore. Plaintiff did not ascertain to whom the Manufacturer's Statement of Origin was assigned or the original Oklahoma Certificate of Title was issued.

On the other hand, when defendants purchased the automobile from Lauderdale Motor Company, that company assigned to them the original certificate of title signed by Peaches Moore which reflected original title in Peaches Moore. Although the certificate of title is not a muniment of title which establishes ownership, plaintiff admits the certificate issued to Peaches Moore was evidence of title. An examination of the records of the Oklahoma Tax Commission would have revealed that the Original Manufacturer's Statement of Origin had been assigned to Peaches Moore and the original certificate of title issued to her. An examination of the chattel mortgage records would not disclose that anyone by the name of Peaches Moore or the Lauderdale Motor Company had ever placed a mortgage on the car and reasonable diligence would not require them to examine the entire records of county clerk to ascertain if the automobile was subject to mortgage. See People's Finance & Thrift Co. v. Shirk, 181 Okl. 418, 74 P.2d 379. However, would reasonable diligence require defendants to examine all the recorded chattel mortgages under the name of "Moore" since there was a mortgage of record under the name of W. C. Moore?

There inheres in the judgment of the trial court the finding that reasonable diligence would not require defendants to examine all the recorded chattel mortgages under the name of "Moore". Therefore, the mortgage recorded under the name of W. C. Moore would not constitute notice to defendants in the present action. See Shrier v. Morrison, (Okl.), 357 P.2d 196, wherein we said that in a jury waived law action, a general judgment constitutes a finding of every fact necessary to support it.

We therefore hold that the recorded mortgage in the name of W. C. Moore did not constitute notice of a mortgage against defendants and defendants were innocent purchasers for value. However, as heretofore stated, plaintiff was also an innocent purchaser for value, and as between the two, one must suffer.

It is evident from the above facts that the assignment of the Manufacturer's Statement of Origin and the original Certificate of Title being issued to Peaches Moore created the circumstances which caused the loss. If the same had been assigned and issued to W. C. Moore, plaintiff would have been protected and defendants would have had notice of the recorded mortgage. Plaintiff, for its own protection should have seen that the assignment of the Manufacturer's Statement of Origin be made to W. C. Moore and the original Certificate of Title issued to him. However, plaintiff relied on Doenges Motors to do these things which Doenges Motors failed to do.

Therefore, plaintiff either had the means to protect itself, and did not, or by its conduct created the circumstances which enabled a third party to perpetrate the wrong or cause the loss. Under the authority of Paul Hellman, Inc. v. Reed, supra, and Al's Auto Sales v. Moskowitz, supra, we hold that as between the two parties, plaintiff should suffer the loss.

■ Defendants were awarded attorney fees in the instant action and plaintiff contends that attorney fees are not a proper element of damages in a replevin action and cites Joy v. Giglio, 208 Okl. 50, 254 P. 2d 351. In the Joy case the replevin action was not a preliminary step for the enforcement of a lien as the issues in that case were ownership and damages for unlawful detention.

In Rogers County Bank v. Cullison, 186 Okl. 373, 98 P.2d 612, an action was brought by a mortgagee against the subsequent purchases from the mortgagor to replevin an automobile. The defendant cross-appealed from that portion of the judgment overruling his motion to retax costs in the nature of attorneys fees. In that case we said:

"Though the action is one in replevin, its primary object is to 'enforce a lien', and is a preliminary and proper step in the process of foreclosing a chattel mortgage by means of advertisement and sale as authorized by law. * * * 46 Okl.St.Ann. § 53. * * * Defendant was successful in the action and under the statute is entitled to a reasonable attorney's fee."

We therefore find that the trial court did not err in awarding attorney fees in the instant action.

Judgment affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and BERRY, JJ., concur.