The OKLAHOMA PUBLISHING COM-
PANY, a corporation, Appellee,

v.

VIDEO INDEPENDENT THEATRES, INC.,
a corporation, Appellant.

No. 45767.

Supreme Court of Oklahoma.

May 21, 1974.

Terry Shipley, Noble, for appellee.

Coleman H. Hayes, Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, for appellant.

WILLIAMS, Vice Chief Justice.

In the trial court, plaintiff, Oklahoma Publishing Co., sued the defendant, Video Independent Theatres, Inc., for amounts past due on an advertising contract. From judgment for plaintiff, defendant appeals.

There is little dispute as to the facts. Plaintiff publishes two daily newspapers in Oklahoma City, and defendant regularly purchased advertising space therein, pursuant to a written contract between the parties. For about five or six years before suit was filed, defendant's advertising agency had been Ken Juergens and Associates of Oklahoma City. During those years plaintiff sent weekly statements of account to defendant in care of Juergens. Juergens would then bill defendant for the stated amount plus the fees due Juergens for services rendered to defendant. On receipt of payment by defendant, Juergens would retain the fees and forward the stated amount to plaintiff.

Beginning with the week ending Oct. 17, 1970, and continuing through the month of November, Juergens failed to forward the stated amounts to plaintiff, although collecting them from defendant. By the early part of December, Juergens had become "bankrupt". Thereafter defendant refused on demand to pay the amounts past due under the contract, and this action was instituted. Trial was to the court and judgment was for plaintiff.

On appeal, defendant first argues that because of the course of conduct and method of doing business outlined in the second paragraph of this opinion, Juergens became the agent of plaintiff for the purpose of collecting and remitting sums due to plaintiff from defendant, and that plaintiff is estopped to deny the existence of such agency.

Defendant relies principally upon Mannheim Ins. Co. v. Chipman, 124 F. 950, as a case in which the pertinent facts were the same. In that case, the plaintiff insurance company sued its insured to recover past due premiums, after a course of conduct in which the premiums had been collected by an insurance brokerage firm and remitted by it to the insurance company. Suit was filed after the brokerage firm made a general assignment for the benefit of creditors. In these particulars, the facts in *Mannheim* may be said to be similar to those in the case now before us. However, there was at least one very important difference; the opinion of the federal district court in *Mannheim* affirmatively shows that the broker's fees were paid by the plaintiff insurance company and not by the defendant insured. This is a persuasive circumstance in determining the question of agency. As we have seen, Juergens' fees in the case now before us were paid by the defendant and not by plaintiff.

For the same reason, Carpenter, Director of Revenue v. People ex rel. Cusack, 112

Colo. 151, 148 P.2d 371, is not helpful to defendant. In that case the question was whether the business of one Cusack was subject to a certain tax on "advertising service agencies". The Colorado court held that Cusack was the agent of both the newspaper and the advertiser and therefore subject to the tax. However, under the method of doing business outlined in the opinion, it is clear that Cusack's contract was with the newspaper and not the advertiser, and that his fees were paid by the newspaper. The opposite is true in the case now before us.

■ We hold that, under the facts presented, Juergens was not the agent of plaintiff. Therefore, defendant's payment to Juergens did not discharge the debt it owed to plaintiff.

■ In a second proposition, as we understand it, defendant argues that in this case, Juergens became a principal and defendant merely a surety, citing 72 C.J.S. Principal and Surety § 38, to the effect that an "involuntary suretyship" may arise under certain circumstances. Of course the relationship of Juergens and defendant, as between themselves, is immaterial to the claims of the third-party plaintiff in this case, and defendant has not set out any circumstances justifying a holding that, as to plaintiff, Juergens was the principal and defendant merely a surety. In the sections following 72 C.J.S. Principal and Surety § 38, certain illustrative examples of how an "involuntary suretyship" may arise are set out. They are (§ 39) by execution of a joint obligation; (§ 40) by assumption of indebtedness; and (§ 41) by mortgage or pledge. Those factors are not present in the case now before us.

The three Oklahoma cases cited by defendant under this proposition are not in point. Stalcup v. Easterly, Okl., 351 P.2d 735, concerned the relative rights of a mortgagor of real estate and his grantee who had agreed to pay the mortgage indebtedness. State ex rel. Comm'rs of the Land Office v. Pitts, 197 Okl. 644, 173 P. 2d 923, dealt with the same situation. J.

R. Watkins Co. v. Jennings et al, 131 Okl. 295, 269 P. 265, dealt with the relative rights of parties to a written contract of suretyship. The reasoning followed in those cases is not applicable, even by analogy, in the case now before us.

■ Defendant also seeks the benefit of the rule stated in Linton v. Citizens State Bank, Okl., 361 P.2d 1071, to the effect that when one of two innocent parties must suffer from the fault of a third, the loss must be borne by the one whose negligence enabled the third to commit the fault. That rule is not helpful to defendant under the facts before us. We agree with the remark of the trial judge at the time of pronouncing judgment that "if there was any misplaced confidence which caused the loss here it was the misplaced confidence of Video in turning its perfectly good money over to Juergens for transmission to plaintiff corporation."

The judgment of the trial court is affirmed.

DAVISON, C. J., and IRWIN, BERRY, HODGES, LAVENDER, BARNES and SIMM, JJ., concur.

DOOLIN, J., dissents.