NATIONAL ADVERTISING COMPANY, a Delaware Corporation, Appellant,

v.

SCOVIL MOTORS, INC., an Oklahoma Corporation, Appellee.

No. 50501.

Court of Appeals of Oklahoma, Division No. 1.

Aug. 1, 1978.

Rehearing Denied Aug. 29, 1978.

Certiorari Denied Nov. 20, 1978.

Released for Publication by Order of Court of Appeals Nov. 30, 1978.

Reynolds, Ridings & Hargis by Lee Card, Oklahoma City, for appellant.

Harold L. Heiple, Norman, for appellee.

ROMANG, Judge:

The parties in this lawsuit are National Advertising Company (National), and Scovil Motors, Inc. (Scovil). National was in the business of billboard advertising. Scovil was in the business of selling new and used cars at Norman, Oklahoma.

This is a suit by National against Scovil to recover the balance due for billboard advertising. Trial before the court without a jury resulted in judgment for Scovil. The trial court's minute reads:

> Gadd found to be plaintiff's agent, not defendant's, for purpose of plaintiff's contract.

National has appealed, and here presents two propositions which read:

1. The court erred as a matter of law in ruling that Gadd was plaintiff's agent and not defendants.

2. The particular facts of the case at bar indicate a principal agent relationship between Gadd and Scovil.

In April and July, 1971, National and Scovil entered into written agreements under which National did the billboard advertising of Scovil. The monthly billing of National to Scovil was currently paid.

In February, 1973, National received a letter from Gadd Associates, Inc. (Gadd), which reads:

> We have recently been designated the advertising agency for Scovil Motors in Norman, Oklahoma.

> We would appreciate it if you would issue replacement contracts to this agency for the outdoor advertising currently contracted for by Scovil Motors.

> .    .    .    .    .

> Our client has requested that the two signs listed below be cancelled as soon as possible.

National wrote a reply letter, dated March 2, 1973, which reads:

> Thank you for your letter of February 21 advising us you are now the agency for Scovil Motors in Norman, Oklahoma.

> Your letter constitutes an amendment to our contracts with Scovil Motors; therefore, no further contract will be necessary.

> We have today advised our Home Office accounting department to bill you for Scovil Motors in the future. They have already mailed the March billing to Scovil.

Pursuant to these letters, National billed Gadd each month for Scovil. Gadd would in turn bill Scovil which then remitted to Gadd. Out of each such payment, Gadd was to deduct 15% and forward 85% to National.

This controversy arose when Gadd failed to forward the 85% to National over a period of several months until there was a balance due National of approximately $5,742.06. Gadd went bankrupt. National sued Scovil for the balance due which Gadd had failed to forward to National.

The principal question before us is whether Gadd was the agent of National or the agent of Scovil.

In *3 Am.Jur.2d 432, § 22* it is stated: Some of the factors to be considered in determining whether there is an agency and which party is the principal of the intermediary are: (1) the duties of the intermediary, (2) the exercise of such duties, and (3) the person for whose benefit they are being performed.

> *    *    *    *    *    *

In most of the cases in which the question has arisen the courts have found that

in preparing and placing advertising matter, an advertising agency acts as the agent of the advertiser.

In *Store of Happiness v. Carmona & Allen, 152 Cal.App.2d 266, 312 P.2d 1104,* the advertising agency was held to be the agent of the advertiser. In the court's opinion is the following:

"The distinguishing features of agency are its representative character and its derivative authority" (2 C.J.S. Agency § 2a, p. 1026). *Wallace v. Sinclair,* 114 Cal.App.2d 220, 229, 250 P.2d 154, 160: "Agency is the relation that results from the act of one person, called the principal, who authorizes another, called the agent, to conduct one or more transactions with one or more third persons and to exercise a degree of discretion in effecting the purpose of the principal. The heart of agency is expressed in the ancient maxim: *'Qui facit per alium facit per se.'"*

Mr. Scovil of Scovil Motors testified on cross-examination:

Q Now, so in other words you didn't tell—you didn't tell National Advertising Company that you were considering hiring an advertising agency until after it had already been done and the letter was written by Gadd to National Advertising; is that correct?

A To my knowledge I never have told National Advertising Company about any agency contract or agreement.

Q Now, did Gadd perform other services for you other than the services we are talking about today such as preparing spots for the media and newspaper advertising and this and that?

A Oh, yes, he prepared and directed TV copy, radio copy, some newspaper copy, not much.

Q Did he from time to time bill you for that?

A Yes.

Q Did you pay him?

A Yes.

The Agreement of 7–13–71, between National and Scovil, provides in part:

If this agreement is signed by an advertising agency . . . the term "Ad-vertiser" as used herein shall include both the actual advertiser and the advertising agency where applicable, and all obligations of the Advertiser hereunder shall be the joint and several obligations of both the actual advertiser and the advertising agency.

In *Oklahoma Publishing Co. v. Video Ind. Theatres, Inc., Okl., 522 P.2d 1029,* the opinion reads:

Plaintiff publishes two daily newspapers in Oklahoma City, and defendant regularly purchased advertising space therein, pursuant to a written contract between the parties. For about five or six years before suit was filed, defendant's advertising agency had been Ken Juergens and Associates of Oklahoma City. During those years plaintiff sent weekly statements of account to defendant in care of Juergens. Juergens would then bill defendant for the stated amount plus the fees due Juergens for services rendered to defendant. On receipt of payment by defendant, Juergens would retain the fees and forward the stated amount to plaintiff.

\*    \*    \*    \*    \*    \*

We hold that, under the facts presented, Juergens was not the agent of plaintiff. Therefore, defendant's payment to Juergens did not discharge the debt it owed to plaintiff.

Scovil argues that the critical difference between *Video,* supra, and the present case is that the advertiser paid the commission of the agent in *Video,* but here the commission of the agent was taken out of the amount due National. While that is a circumstance to be considered, as mentioned in *Video,* supra, it is not a controlling factor. See *55 A.L.R.2d 1140.* We hold that under the undisputed evidence, Gadd was clearly the agent of Scovil.

Scovil further argues that if Gadd is found to be its agent, National should be estopped from collecting from Scovil under the rule that where one of two innocent persons must suffer because of the conduct of a third party, the loss should fall upon the one who created the circumstance mak-

ing the injury possible. As we view the evidence, it was Scovil which created the circumstance that made the injury possible, for it was Scovil that authorized Gadd to handle its billboard advertising. Therefore, the loss under this rule should fall on Scovil, *Central Nat'l Bank & Trust Co. of Enid v. Community Bank & Trust Co. of Enid, Okl., 528 P.2d 710.*

In view of the foregoing, we reverse the judgment of the trial court including the attorney's fee allowed for Scovil's attorney.

This case is remanded with direction to enter judgment against Scovil for the total of the 85%, which Gadd failed to forward on the billboard advertising account, plus interest, and to render a further judgment against Scovil for $1,000.00 as National's attorney fee in the trial court, plus an additional $600.00 as National's attorney fee for its successful prosecution of this appeal. All court costs, including the costs of the transcript herein, are taxed against Scovil.

REVERSED AND REMANDED WITH DIRECTIONS.

BOX, P. J., concurring,

REYNOLDS, J., not participating.