968 F.2d 1224
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ulrich SCHRODER, Plaintiff-Appellant,
v.
Bobbie Ruth BUTTRAM, Defendant-Appellee.
 No. 91-6254.
 United States Court of Appeals, Tenth Circuit.
 July 8, 1992.
 
 Before LOGAN, EBEL and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Ulrich Schroder appeals from a bench decision rejecting his efforts to impose a constructive trust under Oklahoma law on property owned by defendant Bobbie Ruth Buttram. Schroder sought such equitable relief to recover a substantial investment he had made in an allegedly fraudulent business venture promoted by Mrs. Buttram's late husband, Myron Buttram, involving an electrohydraulic mining unit that purportedly could recover valuable metals by precipitating them out of solution.
 
 
 3
 The district court found that Myron Buttram had fraudulently induced Schroder to participate in the joint venture. The parties stipulated that some of Schroder's money was used for purposes unrelated to the joint venture, primarily the purchase of a house in Mrs. Buttram's name.[1] Nevertheless, the court refused to impose a constructive trust for at least three reasons. First, Schroder's own "unclean hands"[2] disinclined the court from invoking an equitable remedy for his benefit against Mrs. Buttram. Second, Schroder waived his right to an equitable remedy by knowingly acquiescing in the Buttrams' personal use of the funds and then forgoing any legal action to recover his investment during the nearly two years prior to Myron Buttram's death. Third, Myron Buttram could not rightfully be deemed a trustee acting on Schroder's behalf with respect to the funds because the parties' agreement did not specifically require Myron Buttram to spend the funds in any particular way.
 
 
 4
 We review de novo the district court's legal conclusion that a constructive trust was not warranted under the circumstances. See United States Dep't of Energy v. Seneca Oil Co. (In re Seneca Oil Co.), 906 F.2d 1445, 1450 (10th Cir.1990). We defer to the district court's underlying factual findings unless clearly erroneous. See, e.g., Ershick v. United Mo. Bank, 948 F.2d 660, 666 (10th Cir.1991). Although Schroder raises eight separate issues for appellate review, due to the narrow ground of our disposition, we need only discuss his arguments relating to waiver.
 
 
 5
 Relying on Alexander v. Phillips Petroleum Co., 130 F.2d 593 (10th Cir.1942) (expounding Oklahoma law regarding waiver of equitable rights through laches), the district court determined that Schroder had waived any right to assert a constructive trust against the property purchased by Mrs. Buttram. We agree. Schroder had knowledge of relevant facts, as to both Myron Buttram's misrepresentations and his use of invested funds for Mrs. Buttram's benefit, and yet took no legal action that might have disrupted the business venture until the question of its financial success was finally settled by Myron Buttram's death. Thus, Schroder knowingly chose to wait and see how his investment would ultimately fare before asserting any objection to Mrs. Buttram's purchase of the property in question: if the venture succeeded, he would share in the financial rewards; if it did not, he would repudiate it as a fraud and demand that Mrs. Buttram be removed from her home in order to return at least part of his investment. Much like the plaintiffs in Alexander, he "withh[e]ld his claim awaiting the outcome of a doubtful enterprise ...[,] voluntarily await[ing] the event and then decid[ing], when the danger [wa]s over and the risk ha[d] been that of another [here, in essence, Mrs. Buttram], to come in and [assert his claim.]" Alexander, 130 F.2d at 605 (rejecting plaintiffs' claims when they similarly withheld them until the passage of time revealed the most advantageous course).
 
 
 6
 In response to this analysis, Schroder argues that he never expressly renounced his right to pursue a constructive trust against Mrs. Buttram's property and that, moreover, he did not even know such a remedy existed. The rule applied in Alexander, which itself has not been challenged, does not require the kind of affirmative renouncement Schroder insists is absent here. On the contrary, in appropriate circumstances, knowing inaction may be deemed a tacit assent to an adverse right. See id. at 605. As for Schroder's unfamiliarity with the pertinent law, "where the facts were known to the plaintiff, ignorance of the law applicable thereto and the consequent ignorance of legal rights, will not ordinarily excuse delay in asserting the claim." Id. at 606.
 
 
 7
 One last general point of equity should not be overlooked. The district court found Mrs. Buttram innocent of any wrongdoing, and we cannot say that finding is clearly erroneous. Accordingly, whatever the merits of Schroder's challenge to the district court's adverse finding regarding his own unclean hands, see supra note 2, our disposition here is consonant with the long-standing equitable principle that when one of two innocent persons must suffer because of a third person's wrongdoing, the one who should suffer the resultant loss is the one whose negligence or misplaced confidence enabled the third person to accomplish the wrong. See Oklahoma Publishing Co. v. Video Indep. Theatres, Inc., 522 P.2d 1029, 1031 (Okla.1974); Bankers Inv. Co. v. Humphrey, 369 P.2d 608, 609 (Okla.1962); Joy v. Farmers' Nat'l Bank, 11 P.2d 1074, 1078 (Okla.1932).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 A small fraction of the money was used by Mrs. Buttram for such other personal obligations as insurance payments, property taxes on another property, telephone bills, and general expenses. Schroder has failed to establish how these expenditures could give rise to a constructive trust on property they played no part in purchasing. Schroder argues that paying property taxes preserved the other property and that this justifies imposing a constructive trust. Because the only pertinent legal authorities supplied by Schroder are premised on the funds being used to purchase the alleged trust property, his objection to these expenditures is deficient and plays no further part in our review. See generally Phillips v. Calhoun, 956 F.2d 949, 953-54 (10th Cir.1992) (citing Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990))
 
 
 [2]
 The district court deemed Schroder culpable for his personal solicitation of outside investors through correspondence repeating Myron Buttram's misrepresentations